(107 So. 807)
STARKEY v. STARKEY. (8 Div. 830.)

(Supreme Court of Alabama. March 18, 1926.)

1. Automobiles ⟾245(13)—Contributory negligence in riding on fender of truck held question of fact.

In action for personal injuries tried by court without a jury, it was question for court under the evidence whether plaintiff was contributorily negligent, proximately contributing to his fall and injury by riding on fender of truck and holding on to the door and top of the car.

2. Appeal and error ⟾1008(1)—Judgment should not be disturbed, unless plainly erroneous, where case was tried by court without jury, and witnesses were examined orally in open court.

Where personal injury action was tried by court without a jury, and the witnesses were examined in open court orally, judgment should not be disturbed, unless plainly erroneous, inasmuch as facts found by court have effect of jury verdict.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action for damages for personal injury by T. W. Starkey against R. O. Starkey. From a judgment for defendant, plaintiff appeals. Affirmed.

Milo Moody, of Scottsboro, for appellant.

Counsel argue for error in the judgment and cite H. A. & B. R. Co. v. Robbins, 27 So. 422, 124 Ala. 113, 82 Am. St. Rep. 153; A. G. S. R. Co. v. Guest, 34 So. 968, 136 Ala. 353; S. & W. R. Co. v. Meadors, 10 So. 141, 95 Ala. 137.

Proctor & Snodgrass, of Scottsboro, for appellee.

The judgment is sustained by the evidence.

MILLER, J. This is a suit for damages, by T. W. Starkey against R. O. Starkey, sustained from injuries received from falling off a truck of defendant while·it was being operated by his employé acting in the line of his employment. The cause was tried by the court without a jury, the issue was found in favor of the defendant, and, from a judgment by the court in favor of the defendant against plaintiff, this appeal is prosecuted by the plaintiff. This judgment of the court is the error assigned.

There were two counts in the complaint: One charged injury by simple negligence; and the other a willful, wanton, or intentional injury. To each count defendant pleaded not guilty, and he also pleaded contributory negligence of the plaintiff to the simple negligence count.

The defendant was the owner of a truck, and Harve Blizzard was operating it for him. The defendant sent him from Hollywood in the truck to Mud creek in the county to bring a laborer, John Duncan, to Hollywood. As he was returning from the creek with this laborer toward Hollywood on the Dixie Highway, he saw Will Starkey and Tom Starkey (plaintiff) on the side of the road. When he reached them, he stopped the truck, and they got on it. They "were not asked to get on." The plaintiff stood on the fender of the truck holding to the door and top of the car, facing ·the driver. He remained in this position while the truck was running, until he fell or was thrown off. The other persons on the truck either occupied the seat or were on the rear of the truck. The truck was running from 30 to 40' miles an hour. When near Hollywood the driver turned off of the Dixie Highway onto another road leading to Hollywood, and as he turned off of the Dixie Highway he ran over a hole or gully or washout in the road, the left wheel gave a jolt, and the plaintiff fell or was thrown off of the fender; one of the rear wheels of the truck going over his hand and injuring it. The truck stopped within 10 or 12 feet after he fell off. The foregoing was the tendency of some of the· evidence in the case.

The plaintiff and defendant are brothers. The latter was called as a witness by and testified for the former. Harve Blizzard, driver of the truck, on cross-examination, stated:

"In your office I gave the agent of the insurance company my testimony. I said to him the car might have been in 4 or 5 feet of him (plaintiff) when I stopped it."

All of the witnesses, including the defendant, were placed on the stand by the plaintiff and examined orally in the presence of the court. The defendant offered no evidence. The court under the entire evidence could readily find the plaintiff was not entitled to recover under the wanton count, charging the injury was willfully or wantonly or intentionally inflicted.

[1] There is evidence tending to show a right of recovery by the plaintiff under the simple negligence count, but there is also evidence tending to establish the contributory negligence plea of defendant to this count. It was clearly a question under the evidence for the court to decide whether or not the plaintiff was guilty of contributory negligence which proximately contributed to his fall and injury by riding on the fender of this truck and holding onto the car in the manner indicated by the testimony. Cent. of Ga. Ry. ·Co. v. Brown, 51 So. 565, 165 Ala. 493.

[2] So, as this case was tried by the court without a jury, and the witnesses were examined orally in open court, its judgment should not be disturbed, unless plainly erroneous. The facts found by the court have the effect of a verdict of a jury. The facts found and the judgment thereon are not plainly erroneous, but there is ample evidence to support and sustain them; and the judgment will be and is affirmed. Birmingham News ·Co. v. Collier, 103 So. 839, 212 Ala. 655, headnote 2; Halle v. Brooks, 96 So. 341, 209 Ala. 486, headnote 2.

Affirmed. ·

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.