(132 So. 35)

## KEETON v. NORTHERN ALABAMA RY. CO.

6 Div. 631.

Supreme Court of Alabama.

Jan. 15, 1931.

J. B. Powell and J. J. Ray, both of Jasper, for appellant.

Bankhead & Bankhead, of Jasper, for appellee.

BROWN, J.

The only question argued by appellant in the briefs filed on the submission is whether or not there was evidence tending to show that the defendant was responsible in fact for the prosecution of the plaintiff on a charge of murder, resulting in his arrest and confinement in the county jail of Jefferson county.

The evidence is without dispute that the prosecution was initiated by a sworn complaint made by Miles P. Coker, a state law enforcement officer working under the supervision of the Attorney General, before W. F. Kitchens, as judge of the city court of Jasper. That plaintiff was arrested by Coker and E. W. Tarwater, chief of police at Nauvoo, and a deputy sheriff of Walker county. The arrest was made in Walker county, and Coker procured an order for the removal of plaintiff as a prisoner to Jefferson county, where he was confined in the county jail until the case was investigated by the grand jury of Walker county, attended by an Assistant Attorney

General of the State. A grand jury failed to return an indictment, and the plaintiff was discharged. There was no evidence showing, or tending to show, that any ground existed for plaintiff's arrest, or that Coker had probable cause for believing he was guilty of any offense.

This statement of the evidence—assuming that it tells the whole story—is sufficient to show that plaintiff has suffered a grievous wrong, yet this is not enough to justify mulcting the defendant, the Northern Alabama Railroad Company, in damages for this wrong.

There is no evidence showing, or tending to show, that Coker, in making the affidavit, was acting for the defendant or was incited thereto by it. The mere fact that Coker was present at the trial of the damage suit against the railroad company, and that he accompanied witnesses to the office of Bankhead & Bankhead, lawyers, who one witness "supposed" represented the railroad company [we are not overlooking the statement of counsel in argument to the court, in the absence of the jury, that they, Bankhead & Bankhead, represented the defendant as trial lawyers, but this was not offered as evidence before the jury], does not tend to show that he was an agent of the defendant authorized to institute a prosecution against plaintiff for the murder of Elliott.

Nor do the facts stated, in connection with the further fact that Tarwater had been active in transporting persons to the place where Elliott's body was found mangled on the railroad tracks, to observe with what frequency pedestrians passed along the railroad at that point, that the defendant company paid such persons for their time in making such observations, and that Tarwater also aided and assisted Coker in investigating the charge against plaintiff, that the witness who testified before the grand jury went to the office of Bankhead and Bankhead, and made written statements in respect to facts within their knowledge, tend to show that the prosecution was instituted at the procurement of the defendant or to serve its purpose.

These facts, together with all the other facts in evidence, afford nothing more than a basis for speculation or plausible conjecture that the defendant was in some way connected with the matter, but this is not sufficient to sustain a verdict or warrant the submission of the question to the jury. St. Louis & S. F. R. Co. v. Dorman, 205 Ala. 609, 89 So. 70; Smith v. Eudy, 216 Ala. 113, 112 So. 640; Moore et al. v. Smith, 215 Ala. 592, 111 So. 918; Carraway v. Smith, 218 Ala. 412, 118 So. 758; Reynolds et al. v. Massey et al., 219 Ala. 265, 122 So. 29.

The affirmative charge was therefore given without error.

The other assignments of error, not being argued by appellant in the original brief, under the rulings of the court must be treated as waived. Louisville & N. R. Co. v. Holland, 173 Ala. 675, 55 So. 1001.

The judgment is due to be affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.