188 So. 233

**MALONE v. PROTECTIVE LIFE INS. CO.**

**7 Div. 438.**

Supreme Court of Alabama.

March 30, 1939.

Rehearing Denied May 4, 1939.

Rains & Rains and McCord & McCord, all of Gadsden, for appellant.

Cabaniss & Johnston, of Birmingham, and O. R. Hood and Roger C. Suttle, both of Gadsden, for appellee.

BROWN, Justice.

All assignments of error, except the 20th and 21st, have been waived by the appellant's failure to mention them in the original brief, filed at the time of the submission of the case, and the waiver can not be avoided by the supplemental brief subsequently filed. Louisville & Nashville R. Co. v. Holland, 173 Ala. 675, 55

So. 1001; Hughes v. Bickley, 205 Ala. 619, 89 So. 33.

While the insistences as to assignments of error 20, overruling plaintiff's motion for new trial, and 21, giving the affirmative charge at the defendant's request in its favor, are meager, they are preceded by a statement of the pleadings and the evidence and are up to the standard recognized as sufficient to prevent waiver in Alabama Fuel & Iron Co. v. Williams, 207 Ala. 99, 105, 91 So. 879, 885, where it was observed, as to assignments predicated on rulings of the court as to the alleged prejudicial argument to the jury: "It is sufficient to say that the brief as found in the record makes specific reference to this line of argument."

The view we take of the case renders it is only necessary to treat the last assignment of error.

The appellee in its brief states the following as the facts: "Thereafter, on January 15, 1936, B. A. Malone made out a new application for additional insurance and placed it in the hands of the Etowah Farm Bureau Exchange at Gadsden but neglected to sign the application (R. p. 13). He also paid to the Farm Bureau Exchange the premium on the additional insurance. This application for additional insurance was received by the Appellee on January 17, 1936, and was immediately returned for the signature of B. A. Malone. The application was signed and was again received by the Appellee on January 23 and the Appellee immediately began its usual investigation to ascertain the condition of the health of Mr. Malone. On January 24, 1936, B. A. Malone died following an appendicitis operation [appendectomy] and Appellee received notice of the death of Mr. Malone on January 28, 1936. No action was ever taken by Appellee on the application of B. A. Malone for additional insurance and no certificate or policy of insurance was ever issued—he having died pending the usual investigation."

If this statement was supported in its entirety by the record, there could be no question of the right of appellee to the affirmative charge.

This statement is not supported in its entirety. To the contrary the plaintiff's evidence goes to show, that Malone was a member of the organization and was covered by the group policy insuring his life for the minimum amount; that he had been carrying the additional insurance provided for but that it had lapsed, and could not under the terms of the policy be reinstated.

The evidence clearly tends to show, that in accordance with a course of dealing between the defendant and the Farm Bureau and its exchanges in respect to the insurance of its members running through a number of years, in which said Bureau and its exchanges acted as defendant's agent in accepting applications and premiums for additional insurance, Malone, on January 15, 1936, applied for the additional insurance on the regular application furnished to such members through said organization, paid the necessary premiums, and the application, not signed at first but subsequently signed, reached the defendant's home office in Birmingham; that the application was approved and the policy issued on January 17, 1936, but had not been delivered before Malone's death.

The group policy provides: "In addition to the automatic coverage any Member may apply to the Company on an 'Application form for Additional Insurance,' a copy of which is attached hereto, and shall be insured for such additional amount *from the date of approval of such application by the Company.*" [Italics supplied.]

In National Life & Accident Ins. Co. v. Bridgeforth, 220 Ala. 314, 124 So. 886, 888, it was said: "The general rule is, in the absence of stipulations to the contrary, the risk commences with the completion of the contract, whether such completion take place on the approval of the application, the payment of the first premium or the delivery of the policy. 2 Cooley's Briefs on Ins. (2d Ed.) 1390."

This has been reaffirmed by New York Life Ins. Co. v. McJunkin, 227 Ala. 228, 232, 149 So. 663, and Metropolitan Life Ins. Co. v. James, 228 Ala. 383, 153 So. 759.

According to the terms of the group or master policy, the contract was completed with the approval of the application, and with the evidence before the court the question was for the jury. The court, therefore, erred in giving the affirmative charge for the defendant.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.