38 So.2d 574

### ALABAMA MILLS, Inc. et al. v. BRAND.

### 5 Div. 447.

Supreme Court of Alabama.

Oct. 7, 1948.

Rehearing Denied Feb. 17, 1949.

Martin, Turner & McWhorter and Alvin W. Vogtle, Jr., all of Birmingham, for appellant.

J. B. Atkinson, of Clanton, for appellee.

LAWSON, Justice.

On July 29, 1946, Manuel N. Brand was an employee of the Alabama Mills, Inc., working at its Clanton mill as a "tying-in operator." Alabama Mills, Inc., was engaged in the manufacture of textile products. Around one o'clock on that day Brand was "paid off" and given a separation notice, upon which appears the following notation: "Discharged for refusing to run his regular assigned job. Employee states that he is unable to do heavy lifting and asked his overseer to either give him a helper or if he could not give him a

helper discharge him and hire a man that could do the work."

At the time of his separation, Brand's overseer made an affidavit before a notary public wherein he set out in effect that no other cause or causes entered into the discharge or release of Brand than that set out in the separation notice above referred to. Brand says he did not read the affidavit but admits that he did affix his signature thereto under the statement, "I hereby certify that the above statement is correct."

Thereafter, Brand filed a claim for unemployment benefits, which he alleged to be due him under the unemployment law of this state. This claim was allowed by the claims examiner and by the appeals referee. Alabama Mills, Inc., as Brand's last employer and as a party in interest, intervened before the appeals referee and opposed the allowance of the claim. From a decision by the appeals referee allowing the claim, Alabama Mills, Inc., appealed to the board of appeals, which board reversed the determination of the claims examiner and the decision of the appeals referee and held that Brand was not entitled to any benefits.

Thereupon Brand duly took an appeal to the circuit court of Chilton County in accordance with the provisions of § 221, Title 26, Code 1940. The cause came on for trial before the circuit court of Chilton County without a jury on July 22, 1947. Ex parte Miles, 248 Ala. 386, 27 So.2d 777. On August 14, 1947, that court rendered a judgment reversing the decision of the board of appeals and awarding benefits to Brand. Its motion for new trial being overruled, the employer, Alabama Mills, Inc., has appealed to this court. While the Department of Industrial Relations was a party defendant in the circuit court of Chilton County, it did not join in this appeal although notice of the appeal and invitation to unite therein was given the director of the department.

■ There are four assignments of error. The first three relate to rulings of the trial court on objections to evidence. But as we understand brief filed here by counsel for appellant, these assignments are expressly waived. In any event, they are not argued and therefore must be treated as waived. Malone v. Protective Life Ins. Co., 237 Ala. 640, 188 So. 233; Keeton v. North Alabama Ry. Co., 222 Ala. 224, 132 So. 35.

Appellant does not contend that Brand failed to comply with the provisions of § 213, Title 26, Code 1940, as amended, which relate to eligibility requirements and which section was discussed in the recent case of Department of Industrial Relations v. Tomlinson, ante, p. 144, 36 So.2d 496.

The one insistence made by appellant is that Brand left his work voluntarily without good cause connected with such work and therefore is disqualified from receiving unemployment benefits under the express terms of subsec. B of § 214, Title 26, Code of 1940, as amended.

Appellant argues that although the separation notice given to Brand shows that he was discharged, such discharge was provoked by his refusal to perform his regularly assigned duties and that, therefore, he in effect voluntarily left his work.

Brand did on the day of his separation refuse to run the machine to which he was assigned. But the evidence is in sharp conflict as to why he refused.

Appellant insists the evidence shows that Brand wanted to be discharged so that he could draw unemployment benefits and provoked his discharge by refusing to work unless he was given a full-time helper, which appellant claimed was not justified in view of the nature of his work.

The evidence for the claimant, Brand, shows that he was approximately fifty years of age at the time of his discharge; that in addition to operating a "tying-in machine" he was required to handle large "warps" weighing several hundred pounds; that although he used mechanical devices in connection with the handling and transportation of the "warps," nevertheless he was required to do considerable lifting; that as a result of such lifting his back had been injured and he had lost time from his work as a result of such injury; that another employee of the mill was supposed to assist him in moving the "warps" but had refused to do so; that he was ready and willing to operate the machine if he

was given assistance in the transportation of the warps and that such assistance was necessary; that without such assistance he would suffer further physical injury; and that his failure to work on the day of his separation was caused by the employer's refusal to give him the needed assistance.

We think that the tendencies of the evidence in this case warranted a finding that although Brand voluntarily left his work, he had good cause connected with such work for leaving and, therefore, was not disqualified from receiving benefits by virtue of subsec. B, § 214, Title 26, Code 1940, as amended.

The witnesses were examined orally before the court, and the judge had the benefit of observing their manner and demeanor and the better opportunity to pass upon the credibility of the testimony. His finding has the force of a verdict by a jury. Bickley v. Murdock, 204 Ala. 192, 85 So. 461. Such a judgment will not be disturbed unless plainly erroneous or manifestly wrong. Weil v. Centerfit, 201 Ala. 531, 78 So. 885; Starkey v. Starkey, 214 Ala. 287, 107 So. 807. We cannot say that the judgment in this case is plainly erroneous or manifestly wrong. There is ample evidence to sustain it. The judgment is affirmed.

Affirmed.

BROWN, FOSTER and STAKELY, JJ., concur.