40 So.2d 629

## HENDERSON v. DEPARTMENT OF INDUSTRIAL RELATIONS, et al.

### 6 Div. 826.

Supreme Court of Alabama.

Jan. 20, 1949.

Rehearing Denied May 19, 1949.

Aubrey M. Cates, Jr., and J. Eugene Foster, of Montgomery, for appellee Department of Industrial Relations.

Martin, Turner & McWhorter and Alvin W. Vogtle, Jr., of Birmingham, for appellee Alabama Mills, Inc.

LAWSON, Justice.

The appellant, Preston H. Henderson, was an employee of the Alabama Mills, Inc., at its mill located at Winfield, Alabama. Alabama Mills, Inc., was engaged in the manufacture of textile products. Henderson began working for that company in October, 1943. Such employment ended on or about October 27, 1947.

On October 29, 1947, Henderson filed a claim for unemployment benefits allegedly due him under the Unemployment Compensation Law of this state.—Code 1940, Title 26, § 180 et seq., as amended. This claim was allowed by the claims examiner of the Department of Industrial Relations. Alabama Mills, Inc., as Henderson's last employer, appealed to an appeals referee, who denied the claim. From the action of the appeals referee, Henderson appealed to the Board of Appeals, which Board affirmed the decision of the appeals referee,

Bob Moore, Jr., of Winfield, for appellant.

holding that Henderson was not entitled to any benefits.

■ Thereupon, Henderson duly took an appeal to the circuit court of Marion County, in accordance with the provisions of § 221, Title 26, Code 1940. The cause came on for trial before the circuit court of Marion County, without a jury, on June 8, 1948.—Ex parte Miles, 248 Ala. 386, 27 So.2d 777. On June 18, 1948, that court rendered a judgment wherein the decision of the Board of Appeals was affirmed and Henderson denied benefits. From such judgment Henderson has appealed to this court.

An individual is disqualified for benefits under the Alabama Unemployment Compensation Law if he left his work voluntarily without good cause connected with such work.—Subsec. B, § 214, Title 26, Code 1940, as amended.

The trial court's judgment denying benefits to Henderson was based on the finding by that court that he had left his work voluntarily and that he did not have good cause connected with such work for so doing.

There is no insistence made here that the trial court erred in finding that appellant left his work voluntarily. In fact, Henderson admitted that he did leave voluntarily. But he insists that the evidence shows that he had good cause connected with his work for leaving his job and that the trial court erred in finding to the contrary and denying him benefits.

■ When a claimant admits that he voluntarily left his employment but seeks to avoid the disqualifications from receiving benefits set up in Subsec. B of § 214, Title 26, supra, we think that the burden is upon him to show that he had good cause connected with his work for leaving such employment.

Henderson seems to contend here that the evidence showed that he had two good causes connected with his work for leaving his employment. The first, physical disability; second, that he was assigned duties in addition to those which he was required to perform when he entered the employ of Alabama Mills, Inc., and therefore he was unable to do his work properly.

Ill health or physical infirmity is, of course, good cause for employees to cease working. But unless the illness or physical infirmity is shown to have resulted from or to have been caused by the employment, the employee is disqualified from receiving benefits when he voluntarily leaves his employment on account of such illness or physical infirmity. In other words, the cause for quitting may have been a good one, but the cause must have been connected with the work.

■ There is nothing in the evidence in this case to indicate that any illness or physical disability which Henderson had on the day he left his employment resulted from the character of work he was required to perform, nor does the evidence support a reasonable inference that such work in any wise increased or made more serious the disability which he claimed he had when he first entered the employ of Alabama Mills, Inc.

■ Henderson's primary duty was to move plastic cans containing a light cotton material from one machine to another. The evidence tends to show that these cans had to be moved approximately every thirty minutes during his eight-hour shift. During the last year of his employment he was charged with the performance of two additional duties. One of them he had to perform only twice a week, and each performance required only fifteen minutes. The other was to be done every day and, according to his statement, could be accomplished in about one and one-half hours. Neither of such duties required much physical exertion. Both of them merely required the use of light mechanical equipment with which certain portions of the premises and equipment were cleaned.

Henderson was not discriminated against in this regard. Other employees of the mill whose primary duty was to move "cans" on other shifts were given the same or similar additional duties.

Henderson claimed that these new duties required him to do more work during the eight-hour shift than he had to do before they were assigned him. But two of his own witnesses, who were employees of the mill, and who also worked on the "can" moving job, testified that such new duties

were added when their primary duty was lessened as a result of a change in the type of product being manufactured.

We are clear to the conclusion that the claimant, Henderson, did not meet the burden which was upon him to show to the reasonable satisfaction of the court that he had good cause connected with his work for voluntarily leaving his employment. It follows, therefore, that the judgment of the circuit court of Marion County denying the benefits to Henderson must be affirmed.

Affirmed.

BROWN, FOSTER, and STAKELY, JJ., concur.

### On Rehearing.

LAWSON, Justice.

We do not think the opinion is subject to the construction that an employee "voluntarily leaves" his employment merely because he remains away from his work because of illness. The record in this case does not present such a situation and what is said in the opinion is, of course, limited to the facts of this case.

Application for rehearing overruled.

BROWN, FOSTER, and STAKELY, JJ., concur.