47 So.2d 286

### CRAIG v. DEPARTMENT OF INDUSTRIAL RELATIONS.

8 Div. 891.

Court of Appeals of Alabama.

June 20, 1950.

Jack Giles, of Huntsville, for appellant.

J. Eugene Foster and O. J. Goodwyn, of Montgomery, for appellee, Department of Industrial Relations.

Carl A. Morring, Jr., of Huntsville, for appellee Huntsville Mfg. Co.

CARR, Judge.

This is an appeal from a judgment of the circuit court denying benefits under the Un-

employment Compensation Act, Code 1940, Tit. 26, §§ 180–252.

The claimant, Mary W. Craig, prior to August 26, 1948, was employed by the Huntsville Manufacturing Company at its textile mill. Mrs. Craig failed to report for work on August 27, 1948, due to the illness of her child. On the third day of her absence from work she sent a doctor's certificate in which it was stated that the child was sick. Neither Mrs. Craig nor any one for her at any time requested a leave of absence from her employer.

At the time she was employed the personnel director explained to her that a leave of absence could be granted on request if there was a good reason therefor. However, if such leave was granted without request, such action would constitute unfair labor practice.

A witness testified that after the doctor's certificate was received he saw Mrs. Craig, her husband, and baby at a news stand in the city of Huntsville. Mrs. Craig testified that this was not true.

On the 15th or 16th of September 1948, Mr. Davis, the company's overseer, had claimant's name stricken from the list of employees.

During the latter part of September Mrs. Craig reported for work and was then advised that her employment had been terminated.

It was stipulated and agreed in the lower court that the claimant met the basic eligibility requirements for unemployment compensation under the statute.

Section 214, Subsection B, Title 26, Code 1940, provides:

"An individual shall be disqualified for benefits for total or partial unemployment:—

"B. For the week in which he has left his work voluntarily without good cause connected with such work, and for the three next following weeks."

Counsel for claimant in brief states: "We have never presented, nor attempted to present, the contention that having a sick baby is good cause connected with the work for voluntarily leaving one's employment." But he argues: "It is admitted by all witnesses that Mrs. Craig had presented such a certificate (doctor's certificate). Mrs. Faulkenberry denies that leave can be granted on such a certificate, but by her own testimony, uncontradicted and borne out by the record throughout the trial below, three days absence *without leave* will automatically terminate one's employment. There is, therefore, only one conclusion which can be drawn. Mary V. Craig had a leave of absence. Since she had a leave of absence, she did not voluntarily leave her last employment."

In the case of Department of Industrial Relations v. Tomlinson, 251 Ala. 144, 36 So.2d 496, 497, the Supreme Court held: "An unemployed individual is eligible to receive benefits only if it appears that the required conditions have been met and the burden is upon him to show that those conditions exist."

In the case at bar, therefore, the burden was cast on the claimant to show that the provision of Subsection B of the statute, supra, did not debar or disqualify her from receiving the unemployment benefits.

In his judgment entry the trial court stipulated: " * * * the Court having considered the record and the evidence finds that appellant (claimant) has failed to meet the burden which was upon her to show to the reasonable satisfaction of the Court that she had a good cause connected with her work for voluntarily leaving her employment, and she is disqualified under Subsection B of Section 214 of Title 26 of the 1940 Code of Alabama from receiving benefits, and finds the issues in favor of the appellee (defendant)."

The familiar rule prevails that in cases tried by the court without the aid of a jury his judgment has the effect of a jury verdict and must be so considered when reviewed by the appellate courts. Department of Industrial Relations v. Tomlinson, 251 Ala. 144, 36 So.2d 496; Alabama Mills v. Brand, 251 Ala. 643, 38 So.2d 574.

In consonance with this doctrine we hold that we are not authorized to disturb the judgment of the lower court in the case at bar.

Assignment of error No. 2 poses the position that the court erred in taxing the costs against the appellant.

A slight reference is made to this insistence in brief of appellant's counsel.

We consistently apply the rule which provides that a mere repetition of the assignment of error by counsel in brief is equivalent to a waiver of the assignment. Supreme Court Rule 10, Code 1940, Title 7 Appendix; Powell v. Bingham, 29 Ala.App. 248, 196 So. 154; Jones v. Daniel, 34 Ala. App. 490, 41 So.2d 627; Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795, 9 A.L.R.2d 974; 2 Alabama Digest, Appeal & Error, ☞ 758(3).

It is ordered that the judgment of the court below be affirmed.

Affirmed.