67 So.2d 62

### DEPARTMENT OF INDUSTRIAL RELATIONS v. HAYNES.

#### 5 Div. 533.

Supreme Court of Alabama.

June 30, 1953.

J. Eugene Foster and O. J. Goodwyn, Montgomery, for petitioner.

Ralph Segrest, Dadeville, opposed.

Archie I. Grubb, Eufaula, Bankhead & Skinner, Jasper, Powell, Albritton & Albritton, Andalusia, Inge, Twitty, Armbrecht & Jackson, Mobile, and Lange, Simpson, Robinson & Somerville, White, Bradley, Arant, All & Rose and Martin, Turner, Blakey & Bouldin, all of Birmingham, amici curiae, in support of the petition.

PER CURIAM.

We are called upon to review an opinion of the Court of Appeals which on appeal

---

1. 258 Ala.Sup. 557,

to it affirmed the judgment of the circuit court holding that appellee was entitled to unemployment benefits under Alabama law. Title 26, section 205 et seq. The circuit court tried the case without a jury as provided in section 221, Title 26, Code. Ex parte Miles, 248 Ala. 386, 27 So.2d 777; Henderson v. Department of Industrial Relations, 252 Ala. 239, 40 So.2d 629.

Appellee was denied his claim for benefits by the board's deputy. Section 216, Title 26, Code. He appealed to the administrative appeals tribunal (section 217, Title 26, Code), which denied the claim. He then appealed to the board of appeals (section 219, Title 26, Code), which denied the claim, and then he appealed to the circuit court which ruled that he was entitled to benefits, as we have stated.

█ The argument in briefs of both parties narrowly limits the question which is controlling. That question is whether appellee is disqualified for benefits under section 214, subd. B, Title 26, Code, as amended by Acts of 1949, page 806, by which one is disqualified to receive benefits "If he has left his employment voluntarily without good cause connected with such work", (except as specified).

The Court of Appeals affirmed the circuit court on the theory that it will not reverse the lower court when the evidence was taken *ore tenus* before that tribunal, unless its conclusion was plainly contrary to the great weight of the evidence, citing Alabama Mills, Inc. v. Brand, 251 Ala. 643, 38 So.2d 574. On the other hand, appellant claims that the principle does not apply when the conclusion to be reached is not dependent upon conflicting evidence, but upon the failure of appellee on any aspect of the evidence to sustain the burden cast upon him by law to show that he did not leave his employment without good cause connected with such work, although he left it voluntarily.

In several of the cases where the burden was upon the employee claiming benefits, the appellate court observed that upon a consideration of the evidence most favorable to him, he had not as a matter of law sustained that burden. And when the lower court held that such evidence showed that he had met the burden, it was subject to review and reversal as any other question of law. Department of Industrial Relations v. Tomlinson, 251 Ala. 144, 36 So.2d 496; Fiquett v. Wade Electric Light and Power Co., 206 Ala. 630, 91 So. 357; Department of Industrial Relations v. Wall, 34 Ala.App. 530, 41 So.2d 611.

In the case of Alabama Mills, Inc. v. Brand, supra, the trial court on appeal, not sustaining a decision of the board of appeals, awarded benefits to the employee. On appeal to the Supreme Court, it was pointed out that the evidence supported the employee in the contention that the additional work had injured him and he lost time from his work on account of his injuries; that he could not get assistance— without which he would suffer further physical injury. The Court noted that the tendencies of the evidence warranted a finding that although he voluntarily left his work, he had good cause connected with his work for leaving and, therefore, was not disqualified. The Court then referred to the principle that the witnesses were before the court who had a better opportunity to pass upon the credibility of the testimony. The Court was at that point dealing with the credibility of the testimony.

In the case of Henderson v. Department of Industrial Relations, 252 Ala. 239, 40 So. 2d 629, this Court affirmed a judgment of the circuit court observing that it was clear that the employee did not meet the burden which was upon him to show to the reasonable satisfaction of the court that he had good cause connected with his work for voluntarily leaving his employment. The facts in that case were proven without material conflict. The result declared seems to indicate the view (since the credibility of testimony is not involved) that the solution is a legal question when the evidence is undisputed, which the appellate court in that case undertook to solve without considering the fact that it was in accord with the opinion of the trial judge.

In the instant case the opinion of the Court of Appeals states the facts as that court finds them from the record. They were reviewing the ruling of the circuit court based upon the same facts. The Su-

240

preme Court is confronted with the same proposition which was before the other courts, since there was no controversy as to what were the facts, with no credibility of testimony involved. Those facts being set out in the opinion of the Court of Appeals, they need not be repeated here.

The opinion is here entertained that the Court of Appeals gave too much credit to the ruling of the circuit court and failed to apply the legal principle above referred to, and that the evidence does not support appellee in his contention that he left his employment for good cause growing out of such work, assuming that he did it voluntarily, and therefore he is not entitled to unemployment benefits.

The judgment of the Court of Appeals should therefore be reversed and the cause remanded to that court.

The foregoing opinion was prepared by FOSTER, Supernumerary Judge of this Court while serving on it at the request of the Chief Justice, under authority of Title 13, section 32, Code, and is adopted by the Court as its opinion.

Reversed and remanded to the Court of Appeals for further consideration and final disposition.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.