74 So.2d 247

**ROBINS TRANSFER CO., Inc.**

v.

**LEWIS.**

**6 Div. 647.**

Supreme Court of Alabama.

June 17, 1954.

Rehearing Denied Aug. 30, 1954.

LeMaistre, Clement & Gewin, Tuscaloosa, for appellant.

Dominick, Rosenfield & Beatty, Tuscaloosa, for appellee.

MERRILL, Justice.

This appeal is from a judgment in favor of plaintiff in the sum of $2,500 growing out of a collision with defendant's truck and trailer near a road intersection a short distance outside the city limits of Tuscaloosa between ten and eleven o'clock P.M. on April 12, 1951. The case was tried by Judge Warren without the intervention of a jury. A motion for a new trial was overruled.

The original complaint was against appellant, Robins Transfer Company, Inc., a corporation, Ira Ben Finley and John Doe, but Finley and Doe were stricken as defendants before trial. The trial was had on counts 1, 2 and 6. Count 1 alleges in substance that Finley, defendant's driver, negligently parked or stopped an automobile truck on the Sanders Ferry Road without displaying the lights required by Section 46 (b), Title 36, Code of 1940, and that plaintiff drove her automobile which she was then and there driving into the truck of defendant, proximately resulting in her damage. Count 2 is substantially the same except it alleges that the defendant's vehicle was parked or left standing without leaving a clear and unobstructed width of 15 feet upon the main traveled portion of the Sanders Ferry Road opposite said standing vehicle in violation of Section 25, Title 36, Code of 1940. Count 6 is substantially the same except that it alleges that defendant's vehicle was so parked in violation of both of the above code sections. The defendant pleaded in short the general issue with leave to give in evidence legal proof of any matter of defense which could be well pleaded.

The appellant's tank truck was loaded with asphalt at Hunt Oil Company where the asphalt was subjected to certain laboratory tests, the short pen or the long pen, depending upon the consignee. The truck had left Hunt Oil Company and was proceeding in an easterly direction toward Tus-

caloosa on the Sanders Ferry Road, a "black top" road 18 feet wide. The office of Robins Transfer Company was on the right or south side of this road going toward Tuscaloosa and immediately after passing the office the truck would enter the intersection of the Sanders Ferry Road and the old Foster's Ferry Road, which ran north and south and there were no "stop" signs at the intersection facing the traffic on the Sanders Ferry Road. The driver of the truck, Finley, brought the truck to a stop some 3 (a witness for defendant) to 75 (highway patrolman) feet from the west side of the intersection, because, as he testified, "there was a car coming across there." One of the few undisputed facts in the case is that the truck was standing still when plaintiff drove her car into the rear of the truck and sustained the injuries for which she claims damages.

■ Assignments of error 2, 3 and 4 deal with the overruling of appellant's demurrer to the three counts of the complaint under which plaintiff's case was submitted to the jury. It is argued here that the complaint does not sufficiently allege the agency of the driver Finley. Each of these counts allege the agency as follows:

"The defendant, Ira Ben Finley, an agent, servant or employee of the defendant Robins Transfer Company, Inc., a corporation, while acting within the line and scope of his employment negligently * * *."

We think this is a sufficient allegation and the demurrer was properly overruled.

■ Assignments of error 12 and 14 deal with questions of evidence. After the collision the plaintiff was picked up by a friend and driven to another friend's home in Tuscaloosa. On cross examination she was asked the following questions to which objections were sustained and the defendant duly excepted:

"Q. You passed within one block of the sheriff's office, did you not?" and

"Q. You didn't make any report to the sheriff, did you?"

Plaintiff had already testified that she had reported the accident to the Highway Patrol Office by telephone within 3 to 5 minutes after her arrival at her friend's house. There was no duty upon plaintiff to report the accident to the sheriff and the court correctly sustained the objections to these two questions.

All of the other argued assignments are related in that they make the point that the judgment was not sustained by the great preponderance of the evidence; that it was contrary to the law and evidence of the case; that the evidence showed that plaintiff was guilty of contributory negligence, and that the court erred in refusing to grant the motion for a new trial which raised these same grounds.

We copy the following from appellant's brief:

"The theory of plaintiff's case is that a servant of the defendant negligently parked or left the defendant's vehicle standing upon a highway without leaving an unobstructed width of fifteen feet opposite such vehicle or that the defendant's servant stopped or parked defendant's vehicle upon the highway in the nighttime without having proper lights displayed thereon. The tendencies of plaintiff's evidence support her theory of the case. * * *

"Appellant admits that there is material conflict in the evidence with regard to the question of the initial negligence of the defendant. Appellant submits however that the great weight and preponderance of this evidence establishes that defendant was not negligent."

Most of the material facts were disputed. One of plaintiff's witnesses testified that he was in front of the office and saw the collision and that the truck had been parked where it was hit, unattended and unlighted for several minutes and the driver, Finley, was in the office of the defendant company when the collision occurred. Other witnesses for defendant, who were standing near this witness and who were also eye witnesses, testified that the truck had come to a stop about 60 seconds prior to the collision, that the driver was in the cab and that all lights were burning. The driver and defendant's manager testified that the load of asphalt was going to Atlanta or Columbus, Georgia, while all of the written records of the company introduced by plaintiff showed the load to be going to Montgomery. Finley testified that he was going straight across the intersection to Tuscaloosa. His superior, the manager, testified that company rules and insurance regulations required him to make a right turn at the intersection. Some of defendant's employees testified that the driver was not required or supposed to stop at the company office and get a clearance from the inspector, while one of the employees, an inspector, testified that it was customary for the drivers to stop at the office until released by telephone call from the State Inspector, who made the long pen test on all asphalt that was going to be used on a state job as was the case with the present load.

These are a few examples of the conflicts in the testimony which confronted the trial court. What was said in the case of Alabama Mills v. Brand, 251 Ala. 643, 38 So.2d 574, 576, is applicable here.

"The witnesses were examined orally before the court, and the judge had the benefit of observing their manner and demeanor and the better opportunity to pass upon the credibility of the testimony. His finding has the force of a verdict by a jury. Bickley v. Murdock, 204 Ala. 192, 85 So. 461. Such a judgment will not be disturbed unless plainly erroneous or manifestly wrong. Weil v. Centerfit, 201 Ala. 531, 78 So. 885; Starkey v. Starkey, 214 Ala. 287, 107 So. 807. We cannot say that the judgment in this case is plainly erroneous or manifestly wrong. There is ample evidence to sustain it." See Faust v. Miller, 260 Ala. 665, 72 So.2d 294 [5].

The following appears in Cobb v. Malone, 92 Ala. 630, 9 So. 738, 739:

"When the presiding judge refuses to grant a new trial, the presumption in favor of the correctness of the verdict is thereby strengthened. He is

selected because of his legal learning, sound judgment, and the confidence of the public in his impartiality, and the courage of his convictions of right and justice. He has heard and seen the witnesses testify, observed their tone and demeanor, and noticed their candor, or convenient failure of memory, to avoid impeachment, or for other improper purpose. The appellate court, possessing none of these aids and advantages, and receiving the evidence on paper only, is less qualified to determine what evidence is unworthy of belief, or what weight should be given to that which has been rejected by the jury, and may give undue weight to the testimony of some of the witnesses. * * *"

We cannot say that the judgment in this case was "plainly erroneous or manifestly wrong," and it is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.