81 So.2d 691

**DEPARTMENT OF INDUSTRIAL
RELATIONS**

v.

**Mamie G. GARRETT.**

**5 Div. 445.**

Court of Appeals of Alabama.

June 14, 1955.

Rehearing Denied June 30, 1955.

Glenn & Glenn, Opelika, for appellee.

J. Eugene Foster and Richard S. Brooks, Montgomery, for appellant.

PRICE, Judge.

This is an appeal from a judgment of the Circuit Court of Lee County, allowing appellee's claim for unemployment compensation benefits.

In the administrative processes her claim was denied until the case reached the circuit court.

Appellant's brief contains a fair summary of the evidence, the pertinent parts of which are substantially as follows:

Before being separated, appellee, Mamie G. Garrett, was an employee of Pepperell Manufacturing Company, with a job assignment of spinning in the company's No. 1 spinning room on the third of three shifts of spinners. She was a woman of some 51 years of age, suffering ill health due to the menopause, and was constantly under the care of a doctor. Her illness forced her to be absent from her work quite often. She testified she was absent probably two weeks during the month prior to her separation.

During and even before appellee's several weeks of absence because of illness, a job study by experts was being made of several jobs in the Pepperell Manufacturing Company. The spinning jobs were among those jobs studied. In compliance with suggestions made as a result of this job study, referred to as a careful and accurate time study and standard job evaluation procedure, the company made the following changes in all its spinning jobs: (1) Relieved all spinners on all shifts of the major cleaning tasks theretofore required of spinners, which tasks required some two hours of the 7½ hour work shift; (2) increased the size of the roving package, requiring less creeling, thus making the job easier; (3) increased the number of sides each spinner operated from two to eight—contingent upon the weight and texture of the material being processed and upon the size of the spinning frames; (4) each spinner was given a pay increase of 5¢ per hour.

Appellee testified that when she returned to work on about June 12, 1953, from having been absent sick for some two or three weeks, she found her spinning job, as all other spinning jobs, had been changed as set out hereinabove. She stated that immediately after the job survey, her job was increased by 8 sides, making a total of 18 sides, but that when she actually returned to her job after being out sick, it had been reduced to 15 sides and that she attempted to operate the job with the 15 sides for two shifts. She stated that she could not physically keep up the job and that it was because of this inability to handle the job that she left, on June 13, 1953, after working two shifts, and that several other spinners quit sometime after she did.

She testified further that she never complained to her overseer nor to any other company official about the work, and that neither her overseer nor anyone else connected with the company complained about her work or the manner in which she performed it, and that the increased hourly rate of pay continued whether she kept her job up or not, and stated that the company "don't care how much work you do."

Appellee admitted that the company had spare hands whose duties it was to assist the spinners who might not, for some reason, be able to keep the job up, but that they didn't come on her job and she never called on them for help, because her husband, who was also an employee of Pepperell Manufacturing Company, helped her some on the two nights she worked after her job had been changed.

Appellee testified further that she left her job without ever having discussed the assigned work with her overseer and that she has not returned to the Pepperell Manufacturing Company for her job or to apply for any other work.

Four witnesses, whose experience as spinners ranged from 12 to 29 years, testified for claimant that they could not operate 18 sides and didn't think claimant could do so.

L. W. Montgomery, Jr., one of the witnesses for Pepperell Manufacturing Company, testified that the appellee reported in from having been absent sick and worked June 12th and 13th, then reported out sick again on Monday, June 15th, and did not come back any more. He stated that the company continued to carry appellee's name on its records as an employee up until about July 23, 1953, when she was officially terminated because "the general overseer, Mr. Smith, had received word that she couldn't work any more since the change was made in the spinners job assignment." The company's witnesses testified that the spinning job changes were made as a result of the job study; were made uniformly throughout the mill and that there was no discrimination as to the employees. They stated that the spinners operating appellee's job on the first and second shifts, using the same machines with the same 15 sides, did the same amount, type and kind of work appellee did, and that these spinners did not quit their jobs and that the company was satisfied with the quantity and quality of work appellee did.

It would serve no purpose to enter into a further discussion or analysis of the testimony. It is sufficient to say that we are of the opinion that under the doctrine pro-

nounced in the following cases the claimant failed to meet the burden cast upon her to show to the reasonable satisfaction of the court that she had good cause connected with her work for voluntarily leaving her employment, under subsection B, Section 214, Title 26, Code 1940. Henderson v. Department of Industrial Relations, 252 Ala. 239, 40 So.2d 629; Alabama Mills v. Carnley, 35 Ala.App. 46, 44 So.2d 622, 14 A.L.R.2d 1301; Ex parte Alabama Textile Products Corporation, 242 Ala. 609, 7 So. 2d 303, 141 A.L.R. 87; Department of Industrial Relations v. Wall, 34 Ala.App. 530, 41 So.2d 611; Department of Industrial Relations v. Haynes, 259 Ala. 238, 67 So.2d 62.

Having reached the conclusion that claimant is disqualified under Section 214 of Title 26, supra, "It does not seem to be necessary to discuss any aspect of the eligibility of this claimant". Ex parte Alabama Textile Products Corporation, supra [242 Ala. 609, 7 So.2d 308].

The judgment below is reversed and the cause remanded.

Reversed and remanded.