115 So.2d 123

**ANDALA CO.**

v.

**Evelyn Chavers GANUS et al.**

**4 Div. 975.**

Supreme Court of Alabama.

Sept. 17, 1959.

W. H. Albritton, Albritton & Rankin, Andalusia, for petitioner.

Ed Brogden, Andalusia, for Ganus.

J. Eugene Foster and Richard S. Brooks, Montgomery, for Department of Industrial Relations, opposed.

GOODWYN, Justice.

We granted certiorari to review the opinion and judgment of the Court of Appeals in The Andala Company v. Evelyn Chavers Ganus, Ala.App., 115 So.2d 119, affirming judgment of the circuit court of Covington County awarding appellee (Evelyn Chavers Ganus) unemployment compensation.

The opinion of the Court of Appeals recites that "it is stipulated that the only question involved is whether claimant 'left her employment voluntarily without good cause connected with such work.' Subsection B of Section 214, Title 26, Code 1940 as amended."

Included in the opinion is what appears to be a rather full statement of the facts. While it is not clear that all of the

facts are set out, it does appear that the Court of Appeals based its decision on the stated facts after applying thereto what it considered to be the applicable law. The question before us, then, is whether the Court of Appeals correctly applied the law to the facts as stated in its opinion. Avondale Mills v. Burnett, 268 Ala. 82, 106 So. 2d 885; Greene v. Department of Industrial Relations, 263 Ala. 564, 83 So.2d 364; Department of Industrial Relations v. Haynes, 259 Ala. 238, 67 So.2d 62; Ex parte Alabama Textile Products Corporation, 242 Ala. 609(9), 7 So.2d 303, 141 A. L.R. 87.

We see no need to repeat here the facts stated in the Court of Appeals' opinion. In short, it was concluded that, although claimant left her employment voluntarily, she left with "good cause connected with her work"; that the "good cause" was an "almost fifty per cent reduction in claimant's wages during a time of static wage levels." Our view is that the facts stated in the Court of Appeals' opinion are not sufficient, in the light of applicable authority, to show that claimant left her employment with "good cause connected with her work."

Code 1940, Tit. 26, § 214, par. B, as amended, provides, to the extent here pertinent, as follows:

"An individual shall be disqualified for benefits for total or partial unemployment:

* * * * * *

"B. If he has left his employment voluntarily without good cause connected with such work; * * *."

Since there appears to be no question that claimant left her work voluntarily, we are concerned only with whether she left with "good cause connected with such work."

Our unemployment compensation law (Code 1940, Tit. 26, § 180 et seq., as amended) contains no provisions defining the phrase "good cause" as used in § 214, par.

B, supra. However, we had this to say in Avondale Mills v. Burnett, supra [268 Ala. 82, 106 So.2d 886]:

"We find a good definition of 'good cause' within the meaning of the Code section, supra, in Department of Industrial Relations v. Mann, 35 Ala. App. 505, 50 So.2d 780, 783, where it is stated: 'We must therefore conclude that the legislature meant a reasonable cause, one that is material and substantial as applied to a particular set of facts'."

In the Mann case it is also stated that "the standards that must be used by the law are the standards of reasonableness as applied to the average man or woman, and not to the super sensitive." [35 Ala.App. 505, 50 So.2d 784.]

We have held, too, that "where an employee leaves his work of his own volition, he has the burden of proving facts to avoid the requirements of the statutory provision." Avondale Mills v. Burnett, supra; Henderson v. Department of Industrial Relations, 252 Ala. 239, 40 So.2d 629; Department of Industrial Relations v. Meeks, Ala.App., 110 So.2d 643. Hence, the burden was upon claimant to prove that she left her employment for good cause connected with her work. It is our view that the facts, as stated in the Court of Appeals' opinion, fail to show that this burden was met.

The pertinent consideration is whether or not claimant acted reasonably in quitting her job. In other words, a test of good cause is whether it is reasonable when measured by what the average or normal worker would have done under similar circumstances. Can it be said that claimant, under the facts as stated in the opinion, acted reasonably, that is, as an average or normal worker? We are of the view that she did not; that she failed to give the new work techniques a fair trial, such as we believe an average or normal worker would have done under similar circumstances.

Although it is stated in the Court of Appeals' opinion that claimant suffered about a fifty per cent reduction in wages, we do not think the facts as stated therein bear this out. While the piece rate was cut approximately in half, this would not necessarily result in a fifty per cent reduction in her wages. In this connection it is to be noted that claimant would have been entitled to pay at a rate not less than the minimum hourly wage, regardless of her output. It is apparent, therefore, that there was not actually a fifty per cent reduction in her wages.

There is no indication from the stated facts that the new techniques were being put into effect for the purpose of reducing wages at all. The point is, it seems to us, that claimant did not act reasonably in leaving her work at the end of the first two weeks of the five weeks' training period set up for learning the new techniques.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY and MERRILL, JJ., concur.