151 So.2d 254

Ralph Roger WILLIAMS, Director of the Department of. Industrial Relations

v.

Omelean D. BOYCE.

6 Div. 914.

Court of Appeals of Alabama.
March 12, 1963.

CATES, Judge.

This is an appeal from a judgment in favor of Mrs. Boyce for insurance benefits due her for compensable unemployment lasting twenty-six weeks. Code 1940, T. 26, §§ 180–252, as amended.

This judgment the Director of Industrial Relations asks us to reverse for claimed error either: (a) in the trial judge's finding (implicit in judgment) that Mrs. Boyce was not disqualified under § 214, subd. B, as amended, for quitting of her own free will without cause; or (b) in the trial judge's other implied finding that she was ready, willing and able to take suitable work each and every week (§ 213, subd. C, as amended).

Mrs. Boyce, a spinner, worked for the Fayette Cotton Mills in Fayette. Whatever she earned beyond the minimum wage under the Wage and Hour Law came from the quantity and quality of her output. Her work there ended one night when she reported to her usual work place on the third shift. She saw another woman tending her "big warp" spinning frames. Her immediate supervisor told her to take over running other spinning frames, part "big warp" and part "little warp." She refused and was told, " * * * or else go home."

There was no evidence of the extent of the duties mutually agreed on in her contract of employment. There was evidence that many spinners could be switched back and forth between "big warp" and "little warp" frames.

The circumstance that there was also evidence tending to favor appellant does not alone invoke Department of Industrial Relations v. Tomlinson, 251 Ala. 144, 36 So.2d 496.

A breakdown of the cases under the unemployment insurance law on claims of workers alleged to have unreasonably resisted changes of wages, working conditions, introduction of new or different machines or techniques and the like brings

J. Eugene Foster and Wm. S. Mooneyham, Montgomery, for appellant.

Jack M. Nolen, Fayette, for appellee.

**30**

out no fixed rule. The only test is what the reasonable man or woman similarly circumstanced would do.

In Andala Co. v. Ganus, 269 Ala. 571, 115 So.2d 123, a trouser zipper seamstress did not give the efficiency expert's change a reasonable trial. Though her output dropped, she showed no certainty as to her loss of wages.

In Dwight Mfg. Co. v. Long, 36 Ala.App. 387, 56 So.2d 685, a fireman of coal-fed boilers came to work to find the fire boxes changed over to gas. Being unable to read or write and thus not helped by the printed instructions, he balked. *Held:* the employer's change of conditions forced him to leave his work, hence his leaving was involuntary. Henderson v. Dept. of Ind. Relations, 252 Ala. 239, 40 So.2d 629, and Dept. of Ind. Relations v. Wall, 34 Ala.App. 530, 41 So.2d 611, were distinguished on facts.

In Alabama Mills, Inc. v. Brand, 251 Ala. 643, 38 So.2d 574, Brand admittedly quit but claimed his employer failed to furnish him a helper for lifting. *Held:* the judgment would not be disturbed unless plainly erroneous.

Like the court in Brand, supra, we cannot say the finding of the trial judge is plainly erroneous.

■ However, under the cases under § 14, Constitution of 1901, the form of judgment is wrong. J. R. Raible Co. v. State Tax Commission, 239 Ala. 41, 194 So. 560. Cf. Glass v. Prudential Ins. Co., 246 Ala. 579, 22 So.2d 13.

However, since the Director makes no complaint of this lapse, we consider that he would not wait for a fi. fa. before paying Mrs. Boyce what the courts say is due her from any monies in the trust fund according to the chronological priority of her original claim.

The judgment below is

Affirmed.