151 So.2d 797

**DEPARTMENT OF INDUSTRIAL RELATIONS**

**v.**

**Trudie PRICE.**

**6 Div. 923.**

Court of Appeals of Alabama.

April 2, 1963.

J. Eugene Foster and Wm. S. Mooneyham, Montgomery, for appellant.

John Self, Hamilton, for appellee.

58

JOHNSON, Judge.

The appellant, the Department of Industrial Relations of the State of Alabama, appeals a judgment against it awarding $560.00 unemployment compensation to the appellee, Trudie Price.

The transcript of the record in the Marion County Circuit Court was filed in the Court of Appeals on November 2, 1962. Within thirty days thereafter, the appellant requested a fifteen day extension to file its brief, which was duly filed on December 14, 1962. On December 26, 1962, appellee filed a motion to dismiss this appeal on the grounds that appellant failed to file its brief within the time prescribed by law. Appellant has complied with the law in filing its brief; and, therefore, appellee's motion is denied. Rule 12, Revised Rules of the Supreme Court of Alabama.

The Circuit Court reversed a decision of the Board of Appeals for the Department of Industrial Relations denying unemployment compensation to Mrs. Price. The decision of the Board of Appeals was based on its review of the record of the proceedings held before the Appeals Referee, who had denied Mrs. Price unemployment compensation in her appeal to him from a Notice of Determination denying her claim.

The appellant files the following two assignments of error:   .

1. "The trial court erred in finding that the Claimant-Appellant was not disqualified for the receipt of unemployment benefits under the provisions of Section 214 B, Title 26, Code of Alabama 1940, as amended."

2. "The trial court erred in finding that the Claimant-Appellant was entitled to receive unemployment benefits in the amount of $560.00."

These assignments of error are overlapping and so we will treat them together as appellant did in his brief.

At the beginning of the trial, the parties made the following stipulation:

"It is agreed that should your Honor find in favor of the Claimant, the maximum amount would be $560.-00, and that the issue to be decided under this is 214 B, as to whether or not the Claimant left her job voluntarily without good cause."

The appellant argues that the judgment of the trial court is contrary to the law as enacted in Sec. 214, subd. B, Tit. 26, Code of Ala., 1940, of which the pertinent part is: "An individual shall be disqualified for total or partial unemployment. * * * [i]f he has left his employment voluntarily without good cause connected with such work * * *."

The circumstances surrounding Mrs. Price's leaving her work are brought out in the following excerpt from her direct examination:

"Q. [by Mr. Self] At the time you applied for a leave of absence with Marion Mills in Hamilton, Alabama, tell the Court the complete circumstances surrounding that, and what you said to Mr. Baehr [plant manager] and what he said to you?

"A. I asked him to let me go because my husband was sick and he told me that I could go, and I asked him about working out a notice, and he said that was all right. That he had some girls laid off, and I asked him about my job when I got back, and he said he would give me work.

"Q. You didn't work out any notice whatsoever at that time?

"A. No, I didn't. He told me I could go then.

*     *     *     *     *     *

"Q. How long did you stay away from your employment?

"A. Nine weeks.

*     *     *     *     *     *

"Q. Now, during this period of time from the time you left until you

reapplied, did you make any application for unemployment?

"A. No.

"Q. When you went back to Mr. Baehr around June 1, or 9 weeks after you made application for leave, what did you say to Mr. Baehr at that time?

"A. I told him I was ready to go back to work, and he told me he didn't have any work * * * to sign up for unemployment * * * that he would call me back to work."

The evidence in this case presents a different situation from Craig v. Department of Industrial Relations, 35 Ala.App. 377, 47 So.2d 286 (sick child); or Ex parte Alabama Textile Products Corporation, 242 Ala. 609, 7 So.2d 303, 141 A.L.R. 87 (moving to New York).

The Department of Industrial Relations contends that Mrs. Price left work because her husband was sick in another part of the country and she wanted to go to him, which reason was not connected with her work. Mrs. Price concedes that she wanted to go to her sick husband, but contends that her reason for leaving was that the plant manager, informing her that some girls were laid off, told her to leave then.

█ The judgment of the trial court is not contrary to the weight of the evidence.

"It is a familiar rule of law that when a civil case is tried by the court without a jury, the conclusion reached by the trial judge from the evidence given ore tenus has the effect of a jury verdict, and the judgment will not be set aside unless it is plainly and palpably contrary to the weight of the evidence." Allen v. Zickos, 37 Ala. App. 361, 68 So.2d 841, 849; Louisville & N. R. Co. v. Lowrey, 37 Ala.App. 112, 64 So.2d 139.

We consider that there is sufficient credible evidence to affirm. The following matters are salient:

1. Mrs. Price seeks compensation which would begin after her return to the plant.

2. It could be reasonably inferred by a trial judge that:

   a. Mr. Baehr, the Plant Manager, whose authority was not shown to be restricted, waived some formality (not shown) which it seems *might* have required a notice period, a written application and written approval of leave;

   b. The duration of the period granted was indefinite;

   c. Mrs. Price's job status was not to be prejudiced; and

   d. No evidence showed whether her job had been filled or was not open because of shut down.

3. The rules and regulations, including collective bargaining agreements, were not put in evidence. Hence, nothing derogated from Mr. Baehr's authority to make the leave agreement which would seem prima facie within the scope of powers of a Plant Manager—particularly where the home office is at considerable distance.

█ However, the rule of Allen v. Zickos, supra, does not apply if the trial court erroneously applies the law to the undisputed facts. Department of Industrial Relations v. Tomlinson, 251 Ala. 144, 36 So.2d 496; Department of Industrial Relations v. Wall, 34 Ala.App. 530, 41 So.2d 611; Department of Industrial Relations v. Mann, 35 Ala.App. 505, 50 So.2d 780.

█ The trial court did not misapply Sec. 214, subd. B, Tit. 26, Code of Ala., 1940, as amended. Therefore, the judgment is

Affirmed.