THE MALLEABLE IRON FITTINGS CO. v. ALEXANDER F. HALL
(APPEAL FROM UNEMPLOYMENT COMMISSIONER)

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 71010

Memorandum filed August 2, 1948.

*Wiggin & Dana*, of New Haven, for the Plaintiff.

*William L. Hadden*, Attorney General, and *Harry Silverstone*, Assistant Attorney General, for the Defendant.

MOLLOY, J. The claimant entered the employ of the appellant November 3, 1947, and quit his employment December 5, 1947. By § 718f (b) (2) of the 1941 Supplement, an amendment to the Unemployment Compensation Act, an employee is disqualified who "left work without sufficient cause connected with his employment." The humanitarian purposes of the Unemployment Act are laudable and understandable. But the act can be abused, and this case is an instance of that. Situations might be pictured where transportation might be a part of "the employment." This case is not one of those situations. In any event it is unnecessary to determine the question whether or not transportation is a part of the employment. The claimant was not fair to the employer. He undoubtedly encountered transportation difficulties, but they were difficulties which he knew of when he took his job. But that aside, the fact remains that he did not give his employer a chance to fix up transportation for him. He assigns reasons for his failure in this respect which rest in his own imagination. He made up his mind that the personnel manager could not arrange transportation for him, so decided not to await that attempt. He would quit and quit regardless. The Unemployment Compensation Act never contemplated, it seems to me, any such conduct as sufficient and justifiable.

The appeal is sustained and the case is remanded to the Unemployment Compensation Commission to enter an order vacating the award.