74 So.2d 621

DEPARTMENT OF INDUSTRIAL
RELATIONS

v.

Edwin CHAPMAN.

3 Div. 979.

Court of Appeals of Alabama.

Aug. 31, 1954.

J. Eugene Foster, Richard S. Brooks, Montgomery, for appellant.

O. J. Goodwyn, Montgomery, for appellee.

## HARWOOD, Judge.

This is an appeal from a judgment of the Circuit Court of Montgomery County allowing appellee's claim for unemployment compensation benefits.

In the administrative processes the appellee's claim had been denied by the claims examiner, the appeals referee, and the board of appeals. His administrative remedies exhausted he perfected his appeal to the Circuit Court of Montgomery County. That tribunal reversed the decision of the board of appeals and allowed benefits, as above stated.

From that decree the National Screen Door Company, and the Department of Industrial Relations, as an interested party, perfected an appeal to this court.

The sole specification of error in appellants' brief alleges that the lower court erred in its finding that the appellee had good cause connected with his work for leaving his employment. We will therefore confine our review to this single proposition, the focal point of course being the interpretation of Code 1940, Tit. 26, Section 214, subd. B, as applied to the facts of this case.

Section 214, subd. B, in pertinent part, is as follows:

"An individual shall be disqualified for total or partial unemployment:

" * * * * * *

"B. If he has left his employment voluntarily without good cause connected with such work."

While the lower court stated in his decree that no effort would be made to set forth the facts in full, we find after reading the record that the lower court has succinctly stated all facts material to this review, and for convenience we copy this statement of facts from the decree:

"Plaintiff last worked for the National Screen Door Company on April 20, 1953. Approximately one year prior to this date, plaintiff had an operation on his back. He recovered from this operation to the extent that he could return to his job without pain and suffering. His job required him to stand eight hours a day on concrete floors. Because of the continuous standing on these concrete floors, claimant's ankles swelled and the pain in his back became agonizing. His ankle, leg and back condition gradually became worse because of the standing on concrete floors, and on April 20, 1953, plaintiff was forced to leave his employment because of this condition. The employer had no other employment available at the time of the separation.

"The plaintiff filed his claim for unemployment compensation benefits, registered for work with the Alabama State Employment Service and sought work from numerous employers during the life of his claim.

"The Court having considered the evidence and the record as submitted is of the opinion that plaintiff had good cause connected with his work for leaving his employment and that claimant was available for work within the meaning of the unemployment compensation law during the life of his claim for unemployment compensation benefits."

Since the facts are undisputed that appellee left his work voluntarily, we are called on only to determine whether his leaving was "without good cause connected with his work."

A justifiable cause for leaving work, unless connected with the work, is not a "good cause" within the meaning of our statute. Ill health is of course a compelling reason for quitting work, but if such ill health does not result from, or is unconnected with, the work, it will not be considered a good cause.

As stated in Henderson v. Department of Industrial Relations, 252 Ala. 239, 40 So. 2d 629, 630:

"Ill health or physical infirmity is, of course, good cause for employees to cease working. But unless the illness or physical infirmity is shown to have resulted from or to have been caused by the employment, the employee is disqualified from receiving benefits when he voluntarily leaves his employment on account of such illness or physical infirmity. In other words, the cause for quitting may have been a good one, but the cause must have been connected with the work.

"There is nothing in the evidence in this case to indicate that any illness or physical disability which Henderson had on the day he left his employment resulted from the character of work he was required to perform, nor does the evidence support a reasonable inference that such work in any wise increased or made more serious the disability which he claimed he had when he first entered the employ of Alabama Mills, Inc."

The nature of Henderson's disability was not set out in the above opinion. It should be noted however that the court specifically pointed out that there was nothing in the evidence denoting any causal connection between the work and the disability. We have examined the original record in the Henderson case, supra, and find the sole and only evidence pertaining to the disability was a statement by the claimant that he was rated 10% disabled because of prostatitis at the time he entered the employment of the Alabama Mills, Inc. Such meagre evidence of course fails utterly to show any causal connection between the work and its effect, if any, on the type of disability from which the claimant was suffering.

In West Point Manufacturing Co. v. Keith, 35 Ala.App. 414, 47 So.2d 594, we concluded that the claimant was disqualified for unemployment benefits in view of the testimony of her own medical witness to the effect that he could not say that claimant's work caused or effected her physical disability other than in the broad sense that any physical activity "whether at work, at play, or in any manner" would aggravate the condition. Such circumstances negatived any specific causal connection between the work and the disability.

In the present case there is evidence to the effect that claimant's disability was caused by having to stand on a concrete floor in order to perform the duties of his job. He was advised by his physician to seek other work. Thus there is evidence tending to establish a justifiable cause for quitting work, and a direct causal connection between the work and the disability.

We have heretofore stated that our Unemployment Compensation Law does not envisage a health insurance program. See West Point Manufacturing Co. v. Keith, supra. An affirmance of the present case in nowise contradicts the validity of such view. This claimant has not separated himself from the labor market. He duly registered for work with the State Employment Service, and sought work on his own account. His future employment is limited only by the particular handicap of his physical condition that is, an inability to stand for long hours on a concrete floor. Had this claimant been totally disqualified for all work because of his physical condition then he would not be entitled to benefits for the reason that he would not be eligible therefor. This for the reason that to be eligible for benefits a claimant must be physically and mentally able to perform work of a character which he is qualified to perform.

Legislative intent must be sought from our Unemployment Compensation Act as a whole, and not from just a portion thereof. Alabama Mills v. Carnley, 35 Ala. App. 46, 44 So.2d 622, 14 A.L.R.2d 1301. Subdivision E of Sec. 214, supra, provides that a worker shall be disqualified for benefits: "If he fails, without good cause * * * to accept available suitable work". This section further provides that: "In determining whether or not any work is suitable for an individual, the director shall consider the degree of risk involved to his health," * * * and "physical fitness * * *."

Had this claimant been involuntarily separated from his job through no fault of his own, he would yet be disqualified for benefits if he refused suitable available work proffered to him. It is inconceivable that any administrator, or court, would hold this claimant disqualified if he refused to accept another job requiring him to stand long hours on a concrete floor, in view of the probable risk to his health.

Under our statute there is a close kinship between disqualification because of refusal of suitable work, and disqualification for voluntarily leaving employment without good cause connected with the work.

 We think that if a disability would justify a refusal of a proffered job, such disability must also be considered as a good cause for quitting a job of the same nature as the proffered one, provided of course that there is a causal connection between the work and the disability. In this connection see Fannon v. Federal Cartridge Co., 219 Minn. 306, 18 N.W.2d 249, 158 A.L.R. 389.

For the reasons expressed above it is our conclusion that the lower court is due to be affirmed and it is so ordered.

Affirmed.