MISSISSIPPI EMPLOYMENT SECURITY COMMISSION *v.*
BALLARD

No. 43505      April 26, 1965      174 So. 2d 367

*H. L. Hutcherson,* Jackson, for appellant.

No Attorney For Appellee

Kyle, P. J.

This case is before us on appeal by the Mississippi Employment Security Commission, defendant, from a judgment of the Circuit Court of Lawrence County reversing the decisions and orders of the Board of Review of the Commission, affirming the decision of the appeals referee holding that Maggie L. Ballard, appellee and plaintiff in the court below, was disqualified to receive unemployment benefits for certain weeks under Section 5(a) of the Mississippi Employment Security Law, Mississippi Code Annotated section 7379 (Supp. 1962).

The record shows that the appellee filed her claim for unemployment compensation benefits under the Mississippi Employment Security Law on February 4, 1964, and that on February 21, 1964, the claims examiner disqualified the claimant for benefits under Section 5(a) of the law on the ground that the claimant had left her work voluntarily without good cause. The claimant filed a notice of appeal from that determination on March 3, 1964. A hearing was had before the appeals referee on March 27 at which the claimant appeared with her attorney and testified. The claimant testified that she

had been last employed off and on by Edward Hyman Company as a sewing machine operator in a garment plant at Prentiss, Mississippi, for approximately six years prior to January 3, 1964. She quit work on that date because she did not have transportation to and from work. She stated that she lived approximately 30 miles from the plant at Prentiss, and having no transportation of her own she had to arrange to ride with others to and from work; that circumstances had so developed that she could no longer arrange for transportation, and she was therefore compelled to stop work. The claimant stated that she thought she might be able to arrange transportation with a certain other worker to a garment plant in Monticello, and on Friday next preceding the date of the hearing she applied for work at the plant in Monticello, but was offered no work. The claimant stated that she had not applied for work anywhere else.

The appeals referee was of the opinion that the claimant's transportation to work was a personal problem to be solved by the individual who was in the labor market, and that one who left suitable work because of a lack of transportation to and from work did so without good cause within the meaning of the statute. The appeals referee found that the claimant had left her work voluntarily without good cause within the meaning of Section 5(a) of the Mississippi Employment Security Law, and the claimant was therefore subject to disqualifications for benefits under said section. The decision of the claims examiner was therefore affirmed.

The claimant thereupon filed notice of an appeal to the Board of Review and asked that her claim be reexamined by the Board. The cause was set for hearing on May 13, 1964. The claimant did not appear at the hearing and was not represented by counsel. The Board took the appeal under consideration, and in due course filed a written statement of its findings of fact and its

conclusions of law and entered an order affirming the decision of the appeals referee.

The claimant, being aggrieved by the decision of the Board of Review, within the time allowed by the statute, filed her petition in the Circuit Court of Lawrence County asking for a judicial review of the Board's decision. In her petition the claimant stated the grounds upon which the review was sought. The Commission filed its answer to the claimant's petition on June 13, 1964, and in its answer the Commission denied that there was error in the findings of fact by the appeals referee and the Board of Review, or in their holding that one who leaves suitable work because of transportation problems does so without good cause within the meaning of the law. The appeal was heard at the regular August 1964 term of the court. At the conclusion of the hearing the court was of the opinion that, while the strict letter of the statute migh preclude the claimant from any benefits, the spirit of the law in such a hardship case should allow her benefits. The court therefore found that the decision and order of the Board of Review should be reversed and the cause remanded to the Commission for the allowance of benefits. A judgment was therefore entered reversing the findings and order of the Board of Review, and remanding the case to the Commission for further proceedings in conformity with the court's finding.

The appellant's attorneys have assigned and argued three points as grounds for reversal of the judgment: (1) That the court erred in entering its judgment reversing the decision of the Board of Review and ordering the Commission to allow the appellee benefits without disqualification; (2) that the court erred in holding that the spirit of the law in such a hardship case should allow the appellee benefits; and (3) that the court erred in adjudging that the appellee did not voluntarily leave her employment without good cause within the meaning

of Section 5(a) of the Mississippi Employment Security Law.

We think the court erred in reversing the decision and order of the Board of Review.

In Mississippi Employment Security Commission v. Blasingame, 237 Miss. 744, 116 So. 2d 213 (1959), the Court said:

■■ ■ The scope of review by the courts on an appeal from an order of the Board of Review is set out in the statute. Section 7388, Mississippi Code of 1942, as amended, reads in part as follows: "In any judicial proceedings under this section, the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." The legislature has clearly provided that judicial review of decisions of the Board of Review shall be confined to questions of law.

The question is whether the order of the Board of Review denying benefits to appellee is supported by evidence.

■■ ■ In the case that we have here the finding of the appeals referee and the Board of Review "that the claimant quit her job on January 3, 1964, because she could no longer arrange transportation to the work," is fully supported by the evidence and is conclusive. The appellee herself testified, "I quit because I didn't have a way. I couldn't make connections." She was then asked, "Because you didn't have transportation to the work?" Her answer was, "That's right."

In the case of Copeland v. Oklahoma Employment Security Commission, 197 Okla. 429, 172 P. 2d 420 (1946), the Court said: "Where there is no duty resting upon the employer, from custom or contract, express or implied, to furnish means of transportation to his employee to and from work, the burden is cast upon the employee

to provide himself with such transportation. When he has this burden and is unable to provide himself with such transportation, even through no fault of his own, he is not available for work. Carwood Mfg. Co. v. Huiett, Ga. Superior Ct., Unemployment C.I.S. 8417, Ben. Ser., Vol. 7, No. 3, Mar. 1944, p. 22.''

In the case of Kontner v. Unemployment Compensation Board of Review, Vasko v. Same, 148 Ohio 614, 76 N.E. 2d 611 (1947), the Court held that, in a proceeding to recover compensation under the Unemployment Compensation Act, the burden of proof was on the claimant to establish her right to benefits; and, where one residing in a non-industrial village worked in an industrial city and furnished her own transportation and thereafter she lost her employment and could not take other employment in the city, because she had also lost her transportation, she was not ''available for work'' within the meaning of the Unemployment Compensation Act, nor entitled to compensation thereunder on refusal of a referral to employment in the city.

In the case of Jacobs v. Office of Unemployment Compensation and Placement, 27 Wash. 2d 641, 179 P. 2d 707 (1947), the Court held that the burden of proof to establish a claimant's rights to benefits under the state's Unemployment Compensation Act rested on the claimant, and a claimant who restricted her work to daytime employment without regard to whether available work required her to work at night, and who had no proper transportation if work were offered her, and who had not actively sought work, was not ''available for work'' so as to be entitled to unemployment compensation. The Court in its opinion in that case said:

> The act requires of a claimant thereunder something more than merely informing the department that he or she is out of work and therefore claims unemployment compensation. It requires the individual to make an active and reasonable effort to

secure suitable employment. Were this not a require- ment and were its mandate not obeyed, it is easy to see how the funds created by the unemployment com- pensation act would soon disappear, like chaff before the wind, leaving no protection to those who are right- fully entitled thereto by reason of their enforced un- employment.

For the reasons stated above the judgment of the lower court reversing the findings and order of the Board of Review is reversed, and the findings of fact and the decision of the Board of Review denying the claim will be reinstated and affirmed by this Court.

Reversed and judgment rendered in favor of the ap- pellant.

*Rodgers, Jones, Brady and Patterson, JJ.,* concur.