## Margaret A. Tackett v. Administrator, Unemployment Compensation Act, et al.

Superior Court          Middlesex County          File No. 20551

Memorandum filed July 6, 1971

*Margaret A. Tackett,* of Middletown, pro se, the plaintiff.

*Robert K. Killian,* attorney general, and *Thomas J. Daley,* assistant attorney general, for the named defendant.

*Murtha, Cullina, Richter & Pinney,* of Hartford, for the defendant C. J. Bates & Son, Inc.

Armentano, J.  This is an appeal by the employer from the decision of the unemployment compensation commissioner granting unemployment benefits to the plaintiff, Margaret A. Tackett, of Middletown.

The commissioner found as follows:  The plaintiff is a widow fifty-six years old.  She worked for the appellant employer from August 31 to October 30, 1970, on a production job.  Her wage was $2.10 an hour.  She left her job because her niece, with whom she had been riding to work, moved to Saybrook, and so the plaintiff did not have transportation.  Chester, where the employer's plant is located, is about fifteen miles from Middletown.  There is no public transportation between the two places.  Efforts by the employer and the plaintiff to obtain a ride for her with another worker were not successful.  The plaintiff's leaving her job on October 30, 1970, was involuntary.

The commissioner concluded that the plaintiff, on October 30, 1970, involuntarily left her job and is entitled to unemployment benefits. The court finds that the commissioner's conclusions are not supported by subordinate facts and are unreasonable and illegal.

Section 31-236 of the General Statutes reads: "An individual shall be ineligible for benefits . . . (2) during the week in which, in the opinion of the administrator, he has (a) left . . . work . . . without sufficient cause connected with his employment." In the matter at bar, the only reason for the plaintiff's unemployment is her lack of transportation to and from work. She had a job available to her. The lack of transportation to enable her to report to her available job was due to her own personal circumstances. It was her own personal problem and responsibility to make herself available to the labor market. Her lack of transportation may be a good personal cause for her leaving her job, but it was not due to any "cause connected with . . . [her] employment" and was not attributable to the employer under the statute. *Malleable Iron Fittings Co.* v. *Hall,* 15 Conn. Sup. 445; *Matter of Leon (Porta Aluminum, Inc.),* 25 App. Div. 2d 925 (N.Y.).

There is no evidence of any contract, expressed or implied, of any custom, or of a collective bargaining agreement which imposes an obligation on the employer to furnish transportation to and from work to the plaintiff. See *Putnam* v. *State Dept. of Employment Security,* 103 N.H. 495.

Accordingly, for the foregoing reasons, the appeal is sustained and the decision of the unemployment commissioner is reversed. The case is remanded to the unemployment commissioner to enter orders vacating the award, correcting the employer's merit rating charge, and consistent with this decision.