This is an unemployment compensation case.
The dispositive issue is whether claimant's voluntary termination of employment was for good cause connected with her work.
Claimant appellee filed for unemployment compensation after terminating her employment with the All-Lock Company of Selma, Alabama.
The claim for benefits was rejected by the State on the ground that Code of Alabama 1975, § 25 4 78 (2), disqualified claimant because her unemployment was voluntary without good cause connected with her work.
After unsuccessfully exhausting her administrative appeals, claimant appealed to the Circuit Court of Perry County. Following a trial de novo the circuit court found good cause for claimant's voluntary termination of employment and held her entitled to benefits. The State moved to vacate the *Page 1192 
judgment on the ground the judgment was inconsistent with the law and the facts of the case. The motion was denied and the State appeals from the denial.
The record reveals the following pertinent facts: Claimant was employed for approximately three weeks by All-Lock on its night shift. She lived in Uniontown, Alabama, and without companions drove seventy-two miles round trip to and from work in Selma. Claimant earned approximately $114 a week and spent anywhere from $23 to $26 a week for gasoline. The drive home at night frightened claimant and made her so nervous that she could not sleep. On her application for unemployment compensation claimant gave the following as her reasons for quitting: "I could not afford to buy gas with what I was earning and [I was] afraid to drive 74 miles alone at night." These transportation problems were the only reasons for quitting given by claimant at trial and during her administrative hearings.
At trial there was testimony concerning an attempt by claimant to transfer to the day shift. When several positions on the day shift became available claimant applied for a transfer. She testified at trial that a transfer to the day shift would have allowed her to join a car pool. Claimant was not transferred. New employees were hired to fill two of the positions.
Apparently, it is All-Lock's policy to give preference to employees over nonemployees in filling positions on the day shift. All-Lock's personnel manager testified that this policy does not apply to new employees such as claimant. Claimant testified that she was aware of the policy but unaware of the exception.
Claimant in her brief argues that All-Lock's failure to transfer her was in violation of company policy, that All-Lock prevented her from solving her transportation problems by not transferring her, and that her transportation problems together with All-Lock's failure to transfer her constitute good cause for her voluntary termination of employment.
Section 25-4-78 (2), Code of Ala. 1975, provides:
 An individual shall be disqualified for total or partial unemployment:
. . . . .
 If he has left his most recent bona fide work voluntarily without good cause connected with such work.
It is undisputed that claimant voluntarily terminated her employment. She, therefore, bears the burden of proving that the termination was for a good cause connected with her work.Department of Industrial Relations v. Estes, 45 Ala. App. 360,231 So.2d 137 (1970); 17A Ala. Digest Social Security Key 565.
It is clear from a perusal of the record before this court that the claimant terminated her employment because of her "transportation" problem. The claimant so testified.
At the outset we note that a reason for voluntary termination, no matter how well justified, will not satisfy §25-4-78 (2) if it is personal and in no way connected with the employment. Dept. of Industrial Relations v. Chapman,37 Ala. App. 680, 74 So.2d 621 (1954); Morrison v. Dept. ofIndustrial Relations, 35 Ala. App. 475, 48 So.2d 72 (1950).
It is clear from the record that All-Lock did not create claimant's transportation problems. These problems arose from claimant's personal circumstances. Further, there is no evidence suggesting that All-Lock was obligated, by contract or otherwise, to provide or arrange transportation for claimant. Put another way, there is no evidence showing that claimant's "transportation" problems arose from her employment.
While our research has not disclosed any Alabama case directly in point, the cases of other states with statutes similar to § 25-4-78 (2) uniformly hold that an employee's transportation problems, such as we have here, are personal and not connected with the employment. See, Tackett v.Administrator, Unemployment Compensation Act,29 Conn. Sup. 251, 282 A.2d 582 (1971); Toothaker v. Maine EmploymentSecurity *Page 1193 Comm'n, 217 A.2d 203 (Me. 1966); Mississippi EmploymentSecurity Comm'n v. Ballard, 252 Miss. 418, 174 So.2d 367
(1965). Under the circumstances of this case, the claimant's transportation problems do not constitute good cause under §25-4-78 (2).
However, claimant through able counsel, who favored this court with an excellent presentation, in effect argues that All-Lock violated company policy in failing to transfer claimant and that the failure to transfer was in fact the basis for claimant's action.
The evidence concerning this contention, as indicated above, reveals that a co-employee testified it was All-Lock's policy to give preference to employees over non-employees in filling positions on the day shift. In other words, the employee who "bid for the job inside the plant with the most seniority and the ability would get the job instead of somebody from the outside." This same co-employee took claimant to All-Lock's personnel office and claimant applied for a transfer. No evidence was presented that All-Lock was aware of claimant's "transportation" problems.
All-Lock counters through testimony from its personnel manager that the company policy was to give employees preference over non-employees in filling positions on the day shift, but that the policy did not apply to new employees such as claimant.
Claimant's evidence regarding this exception regarding new employees was that the exception was not known.
In view of the above the claimant has not met the burden of showing that All-Lock's failure to transfer her was a cause or, even more, that it was a good cause for voluntary termination of employment. Dept. of Industrial Relations v. Mann,35 Ala. App. 505, 50 So.2d 780, cert. stricken, 255 Ala. 201,50 So.2d 786 (1950). This is particularly true in view of the fact that All-Lock was not aware of claimant's problem; that there was no evidence that the exception regarding new employees did not exist; and that even if the exception did not exist there was no evidence that All-Lock was obligated to transfer claimant. Put another way, there is no testimony to indicate that a transfer would be granted in all cases where an employee applied for one.
Since there is no evidence to support a finding that claimant's voluntary termination of her employment was for good cause connected with her job, we hold that the learned trial judge erred in denying the State's post trial motion to vacate the judgment and enter judgment in favor of the State.
In addition to the above, claimant through able counsel suggests that the State's motion to vacate the judgment is similar in nature to a Rule 50 (b), ARCP, motion for judgment notwithstanding the verdict. Arguing this similarity, claimant asserts that the denial of the State's motion was proper because the State did not first move for a directed verdict. Claimant's understanding of this aspect of Rule 50, ARCP, is correct. However, that rule applies where trial is before a jury. See Rule 50 (b), ARCP; Morris v. PrefabricationEngineering Co., 160 F.2d 779 (5th Cir. 1947); Wright Miller, Federal Practice and Procedure: Civil § 2523 (1971). As this case was tried without a jury, Rule 50 (b) has no application. Clearly, in this instance the State's motion was properly treated by the trial court as a Rule 59 (e), ARCP, motion.
In view of the above, this case is due to be reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1194