This is an unemployment compensation case.
The claimant was denied compensation after appeal to the circuit court. Claimant appeals from that denial. The issue is whether, as appellee contends and the trial court obviously found, claimant voluntarily left without good cause and should therefore be disqualified from receiving benefits. § 25-4-78
(2), Code of Alabama (1975). We find such contention and finding unsupported by the evidence and reverse.
Sybil Polk is a fifty-four-year-old woman who was employed by Bon Secour fisheries for about ten years. During her employment with Bon Secour she performed many different jobs including deheading, deveining and packing shrimp and unloading boats. She "had done everything else in the place except shuck oysters" and in August *Page 723 
1979 approached her supervisor to ask if she could try shucking oysters. Her supervisor agreed and Mrs. Polk went to shucking.
Mrs. Polk worked two or three weeks shucking oysters and was unable to continue due to bursitis in a wrist and elbow. She'd had bursitis for some fourteen years but during her ten years with Bon Secour had been subject to only occasional "flare-ups." She testified that she had constant attacks of bursitis while shucking oysters, that shucking irritated her condition and that when an attack would occur her wrist and hand would swell and she could not use her wrist, hand or fingers. She didn't realize that shucking oysters would bother her until she started, but she couldn't physically do the job. Her complaints about the job irritating her bursitis stem from having to hold the oyster tight and pry it open with a knife.
After the two or three weeks of shucking she approached her supervisor about returning to her previous job packing shrimp. She testified she explained her problem to the supervisor, was told there was no positions available in her old job and that "he would be calling me." She had no further contact with Bon Secour, applied for unemployment compensation, had been looking for a job, was available for work and could physically do her old jobs at Bon Secour but "couldn't shuck oysters."
Section 25-4-78 (2) provides that an individual shall be disqualified for total or partial unemployment compensation where he has left his most recent bona fide work voluntarily without good cause connected with such work. Claimants who voluntarily leave their employment, as Polk did in this case, have the burden of showing a good cause connected with their work for leaving such employment in order to avoid disqualification from receiving benefits. Department ofIndustrial Relations v. Jaco, 337 So.2d 374 (Ala.Civ.App. 1976).
"Good cause" for leaving one's employment may well be prompted by the claimant's ill health or physical infirmity where the illness or infirmity results from, is connected with or is caused by the employment. Department of IndustrialRelations v. Chapman, 37 Ala. App. 680, 74 So.2d 621 (1954). The evidence presented by the claimant as it pertains to "good cause" is, in substance, that she was physically unable to perform the only job available to her, shucking oysters, because of the aggravation of her bursitis condition resulting from the nature of that job. We find that evidence more than sufficient to satisfy the claimant's burden in showing "good cause" for leaving connected with her work. See, Department ofIndustrial Relations v. Henry, 42 Ala. App. 573, 172 So.2d 374
(1964). Medical testimony as to cause and effect between job and injury is not required in order for the claimant to carry the burden of proof when claiming a good cause for leaving employment. State Department of Industrial Relations v. Clark,369 So.2d 651 (Ala.Civ.App.), cert. denied, 369 So.2d 562 (Ala. 1979).
We have reviewed the record most carefully. The appellee's evidence, in the form of testimony of the claimant's supervisor, in no way disputed or contradicted the claimant's evidence as to her reason for quitting work. In light of claimant's undisputed evidence establishing good cause for leaving connected with her work, the trial court's judgment denying unemployment compensation benefits must be reversed.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.