**Roland L. WOOLRIDGE, Appellant,**

v.

**The LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI, and the Missouri Division of Employment Security, and Chem-Trol, Inc., Respondents.**

**No. WD 33632.**

Missouri Court of Appeals,
Western District.

Dec. 7, 1982.

*any one* of the three requirements, the revocation cannot stand."

David Kite, Jefferson City, for appellant.

Larry R. Ruhmann, Rick V. Morris, Jefferson City, for Missouri Div. of Employment Sec.

Timothy P. Duggan, Jefferson City, for Labor and Indus. Relations Com'n of Missouri.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Roland L. Woolridge appeals the denial of his claim for unemployment benefits. The claim was denied by a deputy's determination, and this was affirmed by an appeals tribunal of the Division of Employment Security. Because an application for review was denied by the Labor and Industrial Relations Commission, the decision of the appeals tribunal is deemed to be the decision of the Commission according to § 288.-200.1 [1]. The circuit court affirmed the decision. Affirmed in part and reversed in part.

Woolridge lived near Fayette, Missouri, and was employed by Chem-Trol, Inc., in Fayette for about seven weeks in the spring of 1979. Woolridge had been placed on parole by the circuit court following a criminal conviction, and in June of 1979, he was ordered by the circuit court and his parole officer to move from his home near Fayette to a halfway house in Columbia.

Because he did not have a drivers license and his home was only two miles from the job site, Woolridge was provided with transportation to and from work by the company while he lived near Fayette. When Woolridge was ordered to move to Columbia, his employer informed him that it could not provide transportation for that distance. Woolridge could not find transportation from Columbia to Fayette, and as a result quit his job. It is admitted that Woolridge would have remained employed had he continued to reside near Fayette.

Woolridge contends that he did not leave his employment voluntarily, but left only because he was forced to move to Columbia, and was unable to obtain transportation back and forth to Fayette. Under § 288.050.1, Woolridge was disqualified from receiving benefits until he had earned wages equal to ten times his weekly benefit amount if it was determined that he left his work voluntarily without good cause attributable to his work or to his employer.[2]

Thus, the question becomes whether or not the lack of transportation to a job constitutes good cause for leaving that job involuntarily, and whether such cause is attributable to the work or the employer. While no Missouri cases have addressed this precise issue, it has been addressed in other jurisdictions. In *Tackett v. Administrator, Unemployment Compensation Act,* 29 Conn. Sup. 251, 282 A.2d 582–83 (1971), the court stated:

> In the matter at bar, the only reason for the plaintiff's unemployment is her lack of transportation to and from work. She had a job available to her. The lack of transportation to enable her to report to her available job was due to her own personal circumstances. It was her own personal problem and responsibility to make herself available to the labor market. Her lack of transportation may be a

---

1. All sectional references are to Missouri's Revised Statutes, 1978.

2. Under the statute there are certain exceptions to this rule, none of which is applicable in this case.

good personal cause for her leaving her job, but it was not due to any "cause connected with * * * [her] employment" and was not attributable to the employer under the statute.

In *Putnam v. Department of Employment Security,* 103 N.H. 495, 175 A.2d 519 (1961), the court reached the same result. The *Putnam* court observed that "[i]n the absence of contract, custom or a collective bargaining agreement imposing an obligation of transportation on the employer, transportation is usually considered a problem of the employee. It is his responsibility in order to make himself attached to the labor market." *Id.* 175 A.2d at 520.

This court agrees with the reasoning of *Tackett* and *Putnam.* Here there was no custom, contract, or agreement which imposed an obligation on the employer to provide Woolridge with transportation between Columbia and Fayette. Although Woolridge might argue that the company had established a custom of transporting him to and from work, there is no evidence that the company customarily transported anyone else to and from work. While the company had arguably established a custom of transporting Woolridge the two mile distance when he had lived near Fayette, he had no reasonable basis for assuming that this custom would continue when he moved some thirty miles farther away from his employer.

Thus, it was the responsibility of Woolridge alone to find transportation to and from work. His inability to find transportation between Columbia and Fayette was in no way attributable to his work or to his employer, and under the statute Woolridge must be held to have left his job voluntarily.

Woolridge contends that the circuit court erred in assessing the costs of his appeal against him. Woolridge is correct in this contention. Section 288.380.5 prohibits the charging of fees of any kind in any proceeding by the division or by any court or officer thereof, and thus the circuit court was without power to assess costs against Woolridge. *Mark Twain Homes, Inc. v. Labor & Industrial Relations Commission,* 616 S.W.2d 145, 147[4] (Mo.App.1981). The judgment affirming the decision denying benefits is affirmed, but that part of the judgment assessing costs against Woolridge is reversed.

All concur.