538 So.2d 770 (1989)
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION
v.
Willie PULPHUS.
No. 58255.
Supreme Court of Mississippi.
February 1, 1989.
*771 Fred J. Lotterhos, Jackson, for appellant.
John D. Sibley, Okolona, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This is an unemployment insurance benefit appeal from the Circuit Court of Chickasaw County where the court reversed the Board of Review and found that the claimant Willie Pulphus qualified for unemployment benefits and ordered such payments. The sole question presented is to what extent an employer is responsible for the transportation of an employee.
Even when the employer incidentally may cause the problem, we find that the transportation to and from work is personal, to be resolved by the employee. An employee who leaves because of transportation does so voluntarily without good cause, and therefore, is not entitled to unemployment benefits. The ruling of the circuit court is reversed.

I.
Willie Pulphus (Pulphus) lived in Okolona, Mississippi. For two and a half years, ending on December 13, 1986, Pulphus worked for Harlow Furniture (Harlow or Company) in Shannon, Mississippi, a sixty-mile round trip. He rode to and from work with co-workers because he did not own an automobile.
Approximately one month prior to Christmas 1986, Harlow closed and laid off employees. (The reason for the closing was not given in the record.) Harlow subsequently recalled Pulphus to work, but not the co-workers whom he rode with to and from work. Prior to December 13, Pulphus worked at the company a few times, but eventually quit due to transportation problems.
Pulphus applied for unemployment benefits with the Mississippi Employment Security Commission. On the Claim Form he reported that he was discharged due to "absenteeism and no transportation." Pulphus contended he did not quit but was terminated for missing too many days due to lack of transportation.
Harlow reported to the Commission that Pulphus quit his employment voluntarily; work was available and he could have continued employment at Harlow. The Commission, therefore, recommended Pulphus' disqualification for benefits on the basis that he quit his job voluntarily without good cause due to transportation problems.
On appeal the Referee made a finding that Pulphus was unable to work based on a lack of transportation. In his Opinion, the Referee stated that,
it is the responsibility of the individual desiring to work to make whatever arrangements are necessary to be at work regularly and timely. A person who cannot get to work has abandoned his job and his reason cannot be considered good cause under the Law.
The Board of Review affirmed the decision of the Referee.
The circuit court considered whether or not Pulphus had good cause for not being at work. The court found that Pulphus was working without transportation problems prior to the closing of Harlow, and that the closing of the Company gave rise to such problems; therefore, he did not leave his job voluntarily without good cause.

*772 II.
The principle is well settled that, in the absence of fraud, an order from a Board of Review of the Employment Security Commission on the facts is conclusive on the lower court, if supported by substantial evidence. The scope of review of this Court and the circuit court is limited to the findings of the Board of Review. Melody Manor, Inc. v. McLeod, 511 So.2d 1383, 1385 (Miss. 1987); Miss. Employment Security Comm'n v. Sellers, 505 So.2d 281, 283 (Miss. 1987).
Transportation to and from work is a personal problem to be resolved by the employee. One who leaves suitable work because of a lack of transportation does so without good cause within the meaning of the Mississippi Employment Security Law. Mississippi Employment Security Commission v. Ballard, 252 Miss. 418, 174 So.2d 367 (1965).
Pulphus seeks aid and comfort from Tate v. Mississippi Employment Security Comm'n, 407 So.2d 109, 111 (Miss. 1981), which is distinguishable from the case sub judice. In Tate, the claimant's work hours were reduced by her employer approximately fifty percent and below the cost for child care while she worked. The Court held that complainant was required to quit under such circumstances as if she was terminated by her employer because of economic conditions.
Here, as in Ballard, supra, the claimant made a personal decision to leave his employment based on a circumstance of which he had control. The Company recalled him to work. It was not obligated, however, to recall each employee laid off, including those co-workers Pulphus rode with to and from work. Thus, absent job requirement, an employer is not under an obligation to insure transportation to an employee.
Because the circuit court erred in reversing the Board of Review and Referee, we reverse and render.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and ZUCCARO, JJ., concur.