L. CHARLES WRIGHT, Retired Appellate Judge.
Claimants filed claims for unemployment compensation. The administrative process was followed until it reached circuit court. The circuit court found in favor of claimants, finding them eligible to receive unemployment compensation under § 25-4-78(2), Code 1975. The Director of the Department of Industrial Relations appealed.
The facts relating to the claims are the same in each case and are undisputed.
Claimants were employed by Sullivan, Long and Hagerty, Inc., a construction contractor in Birmingham, Alabama. They were members of Local Union 498 in Gadsden, Alabama, but were working in the territory of Local Union 91 in Birmingham. They were classified as “travelers” in union language because they were working outside of the territory of their local union and within the territory of another Local. It was union custom that unemployed members of the “Local” were first entitled to any opportunities for employment within their area. Subsequent to their employment in Birmingham, claimants learned that members of Local 91 were unemployed. In order to follow union custom based upon “unwritten” agreements between Locals, claimants voluntarily quit their jobs.
Section 25-4-78(2), Code 1975, provides that an individual shall be disqualified for total or partial unemployment benefits if he has left his most recent bona fide work voluntarily without good cause connected with such work. This case was presented to the trial judge upon the legal issue of whether claimants were disqualified for unemployment compensation under the undisputed facts. The trial judge found they were not disqualified. That finding is not entitled to any presumption of correctness, as we have before us the same issue and the same facts. Donnelly v. Doak, 346 So.2d 414 (Ala.1977). State Dept. of Industrial Relations v. Montgomery Baptist Hospital, 359 So.2d 410 (Ala.Civ.App.1978).
There can be but one reasonable conclusion from the presented facts. That is that the claimants, upon their own initiative and without any cause connected with their work, voluntarily quit their employment. Certainly the employer may not be caused to be assessed a higher rate of contribution to the compensation fund because of a custom between unions. State Dept. of Industrial Relations v. Harbin, 365 So.2d 313 (Ala.Civ.App.1978). A personal reason, without any connection with conditions or circumstances of the job, does not satisfy the requirements of the statute. Davis v. Hoggle, 392 So.2d 1190 (Ala.Civ.App.1980). The judgment of the trial court is reversed and judgment is hereby rendered in favor of the Alabama Department of Industrial Relations.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND RENDERED.
All the Judges concur.