[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Clarence Lynch, filed a claim for unemployment compensation benefits against his former employer, Ness Corporation (Mass), of Milford. Lynch contended that he did not quit his employment voluntarily.
A fact finder for the administrator, Unemployment Compensation Act, General Statutes 31-222 et seq., determined that the plaintiff had been terminated without having first been warned that if he could not obtain transportation to his security job in Fairfield, where he worked midnight to 8 a.m., his employment would be terminated. The fact finder approved the granting of benefits to Lynch.
The employer appealed this determination to the Employment Security Division, pursuant to General Statutes 31-241, 31-242, where it was referred to an appeals referee. The referee found that personal motor vehicle broke down, and he had no other means of transportation to the job site in Fairfield.
In reversing the decision of the administrator and denying benefits to Lynch, the referee relied on General Statutes31-236(a)(2)(A), which provides for ineligibility for a claimant who has left suitable work voluntarily and without sufficient cause connected with his work. The referee also referred to the CT Page 10188 exception in the statute if one voluntarily quits suitable employment due to the discontinuance of transportation, but pointed out that this exception is inapplicable to one's own "privately owned vehicle."[1]
In accordance with General Statutes 31-249, Lynch appealed this decision and remand to the Employment Security Division Board of Review (Board), which affirmed the referee's decision that the plaintiff had not qualified for benefits. The Board determined that the findings of fact by the referee were supported by the record, and that the decision denying benefits was justified by those findings.
The plaintiff appeals to this court pursuant to General Statutes 31-249b, contending that he did not leave work voluntarily and that there was no public transportation available after his own personal car broke down.
This court concurs with the decision of the Board of Review because the record indicates that Lynch failed to appear for work because of trouble with his own personal motor vehicle, and hence in effect voluntarily quit his employment. Moreover, General Statutes 31-236(a)(2)(A), concerning discontinuance of transportation, does not aid the plaintiff because this exception is not applicable to a claimant's personally owned vehicle. Even if it were, the plaintiff was obliged to give his employer notice in accordance with Malleable Iron Fittings Co. v. Hall,15 Conn. Sup. 445, 446 (1948).
This court's role in reviewing a decision of the Board of Review is limited to determining whether it is "unreasonable, arbitrary, illegal or an abuse of discretion." Acro Technology v. Administrator, 25 Conn. App. 130, 134, 593 A.2d 154 (1991).
Accordingly, the Board's decision is affirmed, and judgment hereby enters dismissing plaintiff's appeal.
So Ordered.
Dated at Bridgeport, Connecticut, this 13th day of November, 1992.
William B. Lewis, Judge