This is an unemployment compensation case.
During the latter part of 1992 and the early part of 1993, Gulf States Steel, Inc., sent newsletters to its employees, reporting substantial losses. As a cost-cutting measure, Gulf States proposed, and the union accepted, a plan to reduce the work force by 224 employees and to make other changes in working conditions. The changes included the elimination of some jobs, alterations in the size of some crews, changes in the number of people in certain job categories, and reassignment of certain duties. Gulf States was in a bad financial condition. It determined that it must reduce its work force in some manner or close its plant.
In an effort to lessen the impact of the job reductions, the union and Gulf States negotiated a "reduction inducement agreement," *Page 171 
giving employees the opportunity to consent to termination in other than seniority order in exchange for a lump sum or periodic benefit payment.
Certain employees accepted the agreement and voluntarily terminated their employment with Gulf States. They applied for unemployment compensation, which was denied. Forty-nine employees appealed the denial to an unemployment compensation appeals referee. The referee affirmed the denial. The employees appealed the referee's decision to the Board of Appeals for the Department of Industrial Relations. Following a hearing, the Board held that voluntary resignation in anticipation of a pending reduction-in-force did not provide good cause for quitting work, where 'he effects of the reduction in force on each claimant was speculative. The Board disqualified the employees from receiving benefits under the provisions of §25-4-78(2), Code 1975.
The employees appealed the Board's decision to the Etowah County Circuit Court. Following a trial de novo, the trial court ruled in favor of the employees, granting them unemployment compensation benefits.
The Department of Industrial Relations appeals and asserts that the employees terminated their employment voluntarily and, therefore, were not entitled to unemployment benefits.
There was little or no dispute in the evidence presented. While the ore tenus rule usually applies in unemployment compensation cases, that rule has minimal application in this case because the material facts are substantially undisputed. The trial court's finding, therefore, is not entitled to any presumption of correctness. Allen v. Stewart, 560 So.2d 1067
(Ala.Civ.App. 1990).
Section 25-4-78(2) provides that an individual will be disqualified from receiving benefits "[i]f he has left his most recent bona fide work voluntarily without good cause connected with such work."
It is undisputed that the employees voluntarily terminated their employment. They, therefore, carried the burden of proving that the termination was for good cause connected with their work. Davis v. Hoggle, 392 So.2d 1190 (Ala.Civ.App. 1980).
The test of good cause is whether the voluntary separation "is reasonable when measured by what the average or normal worker would have done under similar situations." Andala Co. v.Ganus, 269 Ala. 571, 115 So.2d 123 (1959).
Four employees representing the class testified at trial. Sharon Green, who had been employed by Gulf States for 17 years, decided to voluntarily separate from her employment because the changes in her job responsibilities made her fearful for her safety, along with the fact that she would no longer have relief personnel which had been available in the past.
Mike Foster, a skilled carpenter, had been employed by Gulf States for 14 years. He learned that his position as a carpenter would be eliminated and that he would be placed in the general unskilled labor pool. As a result, his earnings would decrease by $645 per month.
Jasper Harrel testified that he was employed at the coke plant as a mixer. He was responsible for preparing coal to be made into coke. He learned that when the operational changes went into effect, his work duties would increase; he would no longer have a laborer to assist him; and he would be required to assist in electrical work, for which he had no training. He testified that when the changes went into effect, he was afraid that he would be electrocuted or otherwise lose his life.
Jeff Bryant testified that he was the fifth youngest employee in seniority at Gulf States. He considered that his job would be one of the first to be eliminated as a result of the layoff. He determined that voluntary separation was in his and Gulf States's best interests.
Gulf States is not contesting the award of benefits to the employees. Over the years, many layoffs in the work force have occurred at Gulf States. For the last 20 years, there has been a sign-out procedure in effect, whereby when layoffs occurred in the plant, Gulf States allowed employees to volunteer for layoffs prior to resorting to involuntary reductions in force. This procedure allowed employees to choose to come out of the plant and to draw unemployment benefits without objection from Gulf States. The Department *Page 172 
has had a long-standing policy of allowing the employees of Gulf States to draw unemployment compensation benefits upon a voluntary separation. The Department even assisted this policy by going to the plant and to the union halls to enroll employees for the benefits. The policy has been in effect and has been continued by the Department for over 20 years.
The pertinent consideration is whether the employees acted reasonably as normal, average employees in voluntarily separating from their employment. Considering the testimony of the four witnesses, we conclude that the employees' actions were reasonable and that a normal, average employee would have done the same under similar situations. Our case law concerning "good cause" supports this conclusion. See Alabama Mills, Inc.v. Brand, 251 Ala. 643, 38 So.2d 574 (1948) (leaving employment because the employer failed to provide the employee with a helper constitutes good cause for voluntary separation); Davisv. Prestwood, 381 So.2d 85 (Ala.Civ.App. 1980) (substantial reduction in wages constitutes good cause for voluntary separation); Dwight Manufacturing Co. v. Long, 36 Ala. App. 387,56 So.2d 685 (1952) (an employee's reasonable fear for personal safety constitutes good cause for voluntary separation).
There was an agreement that all the claimants would be considered at trial and on appeal as one. Only four claimants testified at trial. Although their testimony varied as to the reasons for voluntarily leaving their employment, the Department has presented on appeal only a general issue as to whether there was good cause for voluntarily leaving their employment. Therefore, we make no distinction and affirm as to all claimants.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the judges concur.