This is the second time that Nathaniel Davenport and the State Department of Industrial Relations have been before this court. Davenport was a party to an appeal filed by 49 employees who challenged their disqualifications to receive unemployment compensation benefits. For a full rendition of the facts seeDirector, State Dep't of Industrial Relations v. Jones,669 So.2d 170 (Ala.Civ.App. 1995).
During the prior appeal, Davenport learned that in June 1993, the Department had determined that he was ineligible for unemployment compensation benefits under § 25-4-77(a)(2), Ala. Code 1975, because he failed to register for work at, and report to, a state employment office. Davenport appealed that determination. Following a hearing, a Department appeals referee rendered a decision, stating that Davenport's appeal was untimely. Davenport then appealed to the Etowah County Circuit Court. Following oral proceedings, the trial court entered a judgment in favor of the Department, finding that Davenport did not timely appeal the denial of his claim for unemployment compensation benefits and that he had failed to exhaust his administrative remedies.
Davenport appeals, raising one issue: whether this court's decision in Jones, supra, acts as res judicata or estops the Department from denying him unemployment compensation benefits.
Our courts have determined that the burden of showing qualification under § 25-4-77, Ala. Code 1975, as well as the lack of disqualification under § 25-4-78, is on the claimant.James, Director of the State Dep't of Industrial Relation v.Riddle, 432 So.2d 563 (Ala.Civ.App. 1983). There are three requirements necessary for eligibility under § 25-4-77. Those requirements are: (1) filing a claim for each week's benefits, (2) registering for work and thereafter continuing to report to a state employment office, and (3) being able and available for work.
Our decision in Jones was limited to the issue of whether the employees were disqualified under § 25-4-78, Ala. Code 1975. It is undisputed that Davenport did not register for work and continue to report to a state employment office. Therefore, Davenport was not eligible to receive unemployment compensation benefits.
The doctrines of res judicata and collateral estoppel are well-established law in Alabama. Dairyland Ins. Co. v. Jackson,566 So.2d 723 (Ala. 1990). The application of res judicata
requires the following four elements:
 "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits. Hughes v. Allenstein, 514 So.2d 858, 860
(Ala. 1987)."
Dairyland Ins. Co., 566 So.2d at 725.
Collateral estoppel requires the following four elements:
 "(1) that an issue in a prior action was identical to the issue litigated in the present action; (2) that the issue was actually litigated in the prior action; (3) that resolution of the issue was necessary to the prior judgment; and (4) that the same parties are involved in the two actions."
Smith v. Union Bank Trust Co., 653 So.2d 933, 934 (Ala. 1995) (citations omitted).
Neither the doctrine of res judicata nor the doctrine of collateral estoppel applies to bar the Department's denial of Davenport's *Page 853 
claim for unemployment compensation benefits, because the burden was upon Davenport to show his qualification, as well as lack of disqualification for benefits. Davenport failed to meet that burden, even though we determined in Jones that Davenport and 48 other employees of Gulf States Steel were not disqualified under § 25-4-78(2) from receiving unemployment compensation benefits. The issue of Davenport's ineligibility to receive benefits for failing to report under § 25-4-77(a)(2) was not presented in Jones. Therefore, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
All the judges concur.