[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a statutory appeal concerning unemployment compensation. The Employment Security Appeals Division of the Board of Review certified the record of this case to the Superior Court. Conn. Gen. Stat. § 31-249b. The facts were found by the Appeals Referee and modified by the Board of Review. The claimant, who appears pro se, has not filed a motion to correct the finding. Practice Book § 22-4. He has additionally declined an opportunity given him by the Court to file a brief in response to the brief filed by the Administrator. The Court's function in this context is to determine "whether there was any CT Page 4632 evidence to support in law the conclusions reached." Practice Book § 22-9(a). After considering the evidence and the presentations of the parties given at the hearing of this matter on March 10, 2000, the Court determines that the decision appealed from is sufficiently supported by the facts and the applicable law.
The facts have been determined by the Board of Review. The claimant worked for the employer as a salesperson. In June 1997, his license was suspended because he refused a breathalyser test. Notwithstanding the suspension, he continued to drive to work. On December 12, 1997, he was stopped by the police while illegally driving after drinking. His driver's license was suspended for two years. He did not thereafter return to work. On January 2, 1998, his employer mailed him a letter requesting that he report to the office to provide an explanation for his absence. The letter further stated that if he did not report by that date, his services would be terminated effective December 12, 1997. The claimant neither reported to the office nor responded to the letter in any way. The employer continued to pay the claimant a draw until approximately January 12, 1998.
At the Referee's hearing, the claimant testified that he did not receive his employer's until after the date of the meeting. The Board of Review made no finding on this issue, but implicitly assumed that the claimant's allegation was true. It also found, however, that he did not attempt to contact his employer after receiving the letter.
The issue presented on this appeal is whether the claimant left his work "voluntarily" within the meaning of Conn. Gen. Stat. § 31-236(a)(2)(A). The Board of Review found that he did. The applicable law and the evidence in the record support this conclusion.
Conn. Gen. Stat. § 31-236(a)(2)(A)(iii) specifically addresses the issue of transportation. An individuals is deemed not ineligible for benefits if he leaves work "due to the discontinuance of transportation, other than his personally ownedvehicle, used to get to and from work, provided no reasonable alternative transportation is available." (Emphasis added.) The suspension of the claimant's driver's license effectively discontinued his transportation by his privately owned vehicle. Under these circumstances, it was his responsibility to make himself available for work. Tackett v. Administrator,29 Conn. Sup. 251, 252, 282 A.2d 582 (1971). The legislature has made an CT Page 4633 appropriate determination that individuals in his situation are ineligible for benefits.
The remaining question to be addressed is whether the claimant resigned in lieu of imminent and certain discharge. The Board of Review found that he did not. This conclusion is supported by the evidence. It reasoned that, "Although the employer had expressed doubt about the claimant's ability to continue in his position without a license, the employer did not indicate that the claimant must have such a license or a personally owned motor vehicle as a condition of the employment. . . . Moreover, the employer was willing to meet with the claimant, and may have been willing to offer the claimant alternative work, such as inside sales work." As mentioned, the claimant did not contact the employer after receiving its letter of January 6, 1998. Under these circumstances, the Board was justified in finding that the claimant voluntarily quit.
The appeal is dismissed.
Jon C. Blue, Judge of the Superior Court